BARBARA SCOTT, Petitioner-Appellee, v. JIM EDGAR, Secretary of State, Respondent-Appellant.

Fourth District   No. 4—86—0487

Opinion filed February 10, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Diane M. Curry, Assistant Attorney General, of Chicago, of counsel), for appellant.

Presney, Kelly & Appleton, of Springfield, for appellee.

PRESIDING JUSTICE SPITZ delivered the opinion of the court:

Plaintiff was arrested for driving while under the influence of alcohol (DUI) (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501). On April 26, 1984, an order suspending the plaintiff's driver's license and driving privileges was entered. On October 5, 1984, plaintiff's driver's license and driving privileges were revoked. This was plaintiff's second incident of DUI.

In 1985, plaintiff applied for a restricted driving permit. In compliance with the Secretary's administrative rules, plaintiff attended and completed an alcohol-drug remedial education program on July 10, 1984, and submitted an updated alcohol-drug assessment dated April 10, 1985. Plaintiff was granted a formal administrative hearing which was conducted on May 28, 1985, at which time she requested a restricted driving permit. Following the hearing, the hearing officer made the following conclusions of law:

"1. The evidence established that the petitioner currently does not have a problem with alcohol/drugs.

2. The petitioner provided evidence sufficient to carry her burden of proving that her alcohol problem has been resolved.

3. The petitioner is not employed and, therefore, is ineligible for an RDP [restricted driving permit]."

The hearing officer recommended that the petition for a restricted driving permit should be denied. On June 13, 1985, the Secretary of State adopted the recommendations of the hearing officer and ordered that the petition for a restricted driving permit be denied.

Subsequently, plaintiff filed a complaint for administrative review in the circuit court of Sangamon County, against Secretary of State Jim Edgar, seeking to reverse the Secretary's decision denying her a restricted driving permit. The circuit court reversed the Secretary's decision and ordered the Secretary to issue a restricted driving permit. The Secretary now appeals from the circuit court's order.

■■ Courts of review are limited to determining whether an agency's findings are against the manifest weight of the evidence. (*Murdy v. Edgar* (1984), 103 Ill. 2d 384, 469 N.E.2d 1085.) Furthermore, as this court stated in *Agans v. Edgar* (1986), 142 Ill. App. 3d 1087, 1094, 492 N.E.2d 929, 933:

"[I]n order for the circuit court to find the Secretary's decision is against the manifest weight of the evidence, the circuit court must determine, after viewing the evidence in the light most favorable to the Secretary, that no rational trier of fact could

have agreed with the Secretary's decision."

■ Section 6—205(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 6—205(c)) provides, in pertinent part:

"(c) Whenever a person is convicted of any of the offenses enumerated in this Section, the court may recommend and the Secretary of State in his discretion, without regard to whether such recommendation is made by the court, may, if application is made therefor, issue to such person a restricted driving permit granting the privilege of driving a motor vehicle between his residence and his place of employment or within other proper limits, except that this discretion shall be limited to cases where undue hardship would result from a failure to issue such restricted driving permit."

Section 1001.410 of the Illinois Administrative Code (Code) defines "undue hardship" as:

"[A]n extreme difficulty in regard to getting to or from an applicant's place of employment or to operate on a route during employment, e.g. as deliveryman, because of the suspension or revocation of the applicant's driver's license. It is more than mere inconvenience on the applicant, and pertains only to the applicant. All other reasonable means of transportation must be unavailable to the applicant. An undue hardship is not shown by the mere fact that the driver's license is suspended or revoked." (92 Ill. Admin. Code sec. 1001.410 (1984).)

Section 1001.420(c) provides that an applicant for a restricted driving permit must show:

"[T]hat an undue hardship is being suffered currently by the applicant. Mere inconvenience to the applicant, or family and friends is not undue hardship. The applicant should produce clear and convincing evidence as to: the non-availability of other means of transportation to the place of employment, such as walking, mass transit, car pools, or being driven; how applicant is currently getting to work; whether driving is required on the job; the distance between the applicant's residence; and similar factors." (92 Ill. Admin. Code sec. 1001.420(c) (1984).)

Section 1001.420(a) of the Code provides:

"An applicant for an RDP [restricted driving permit] must be currently employed, or present a written verifiable commitment for employment, and the employment must be verified upon forms prescribed by the Department." 92 Ill. Admin. Code sec. 1001.420(a) (1984).

Although plaintiff argues that she was "laid off" and that she

could assume her employment if she were issued a restricted driving permit, it is apparent from her own testimony at the administrative hearing that she is not currently working and that she has no commitment for employment. Plaintiff testified that she did not know if she could go back to work immediately if she received a restricted driving permit and admitted that she was looking for employment other than that which she was previously doing. Therefore, pursuant to section 1001.420(a) of the Code (92 Ill. Admin. Code sec. 1001.420(a) (1984)), plaintiff does not qualify for a restricted driving permit. Thus, the actual issue in this case is whether section 1001.420(a) of the Code (92 Ill. Admin. Code sec. 1001.420(a) (1984)), which prohibits the issuance of a restricted driving permit to a person who is not currently employed, is a valid regulation.

██ ■ We start with the proposition that substantial deference is to be given to the interpretation of a statute by a public agency charged with the administration and enforcement of that statute. (*Illinois Consolidated Telephone Co. v. Illinois Commerce Com.* (1983), 95 Ill. 2d 142, 152, 447 N.E.2d 295, 300.) Although such an interpretation of a statute is not binding on the courts, it is considered an informed source in ascertaining the legislative intent because of the agency's experience and expertise. (*Adams v. Jewel Co.* (1976), 63 Ill. 2d 336, 344-45, 348 N.E.2d 161, 165; *Johnson v. Marshall Field & Co.* (1974), 57 Ill. 2d 272, 278, 312 N.E.2d 271, 275.) Sections 1001.410, 1001.420(a), and 1001.420(c) of the Code (92 Ill. Admin. Code secs. 1001.410, 1001.420(a), 1001.420(c) (1984)), are regulations enacted by the Secretary to interpret and enforce section 6—205 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 6—205(c)). In enacting the statutory provision, the legislature vested substantial discretion in the Secretary to decide when to issue a restricted driving permit. The language of the statute is permissive only and not mandatory. (*Foege v. Edgar* (1982), 110 Ill. App. 3d 190, 441 N.E.2d 1267.) As the Secretary points out, allowing a person to receive a restricted driving permit for the purpose of looking for work would create a situation that would be extremely difficult to monitor. We believe that the legislature intended to allow the Secretary to issue a person a restricted driving permit based on undue hardship under limited circumstances to protect the public from the potential threat to public safety resulting from the person's full reinstatement of driving privileges while allowing the person to retain his or her employment.

██ We conclude that section 1001.420(a) of the Code (92 Ill. Admin. Code sec. 1001.420(a) (1984)) is a valid regulation which is consistent with the intent of the legislature in enacting section 6—

205(c) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 6—205(c)). We further conclude that the Secretary's decision was in accordance with valid departmental rules and relevant statutes and was not against the manifest weight of the evidence. Consequently, the circuit court's reversal of the Secretary's denial of a restricted driving permit was improper and must be reversed.

Circuit court reversed, Secretary affirmed.

LUND and KNECHT, JJ., concur.