THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff and Respondent-Appellee, v. DOROTHY ANN DOYLE, Defendant and Petitioner-Appellant.

Fourth District   No. 4—87—0196

Opinion filed August 18, 1987.

D. Phillip Anderson, of Normal, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Michael Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant appeals the denial of her petition to rescind the statutory summary suspension of her driving privileges. (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1.) She argues the warning she received from the arresting officer inadequately informed her of the consequences of taking or refusing to take a breath-alcohol test, because it did not correctly define the term "first offender."

We affirm.

On November 15, 1986, defendant was arrested and charged with driving under the influence of alcohol. (Ill. Rev. Stat. 1985, ch. 95½,

par. 11—501.) The arresting officer read the following warning, provided by the Secretary of State, to defendant:

"YOU ARE HEREBY WARNED AND NOTIFIED THAT:

\* \* \*

3. IF YOU REFUSE OR FAIL TO COMPLETE ALL TESTS OR IF YOU SUBMIT TO A TEST OR TESTS DISCLOSING AN ALCOHOL CONCENTRATION OF 0.10 OR MORE, AND HAVE HAD A PREVIOUS CONVICTION OR COURT ASSIGNED SUPERVISION FOR DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL, OTHER DRUG, OR COMBINATION THEREOF WITHIN THE LAST 5 YEARS, IN THIS OR ANY OTHER STATE, OR RECEIVED A DRIVERS LICENSE SUSPENSION FOR REFUSING TO SUBMIT TO CHEMICAL TESTING FOLLOWING AN ARREST FOR DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL, OTHER DRUG OR COMBINATION THEREOF IN ILLINOIS SINCE JANUARY 1, 1982, OR A PREVIOUS STATUTORY SUMMARY SUSPENSION EXCEPT IN CASES WHERE YOU SUBMITTED TO CHEMICAL TESTING RESULTING IN AN ALCOHOL CONCENTRATION OF 0.10 OR MORE AND WAS SUBSEQUENTLY FOUND NOT GUILTY, YOUR DRIVING PRIVILEGES WILL BE SUSPENDED FOR A MINIMUM OF 12 MONTHS."

Defendant submitted to a breath-alcohol test, which revealed an alcohol concentration of over .10. The arresting officer served defendant with notice of the statutory summary suspension. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(f).) The Secretary of State, subsequently, imposed a 12-month suspension. Ill. Rev. Stat. 1985, ch. 95½, par. 6—208.1.

Section 6—208.1 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1985, ch. 95½, par. 6—208.1) provides that those who are not first offenders shall be subject to a longer period of suspension than first offenders.

Defendant argues that section 11—500 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—500), which defines "first offender" for purposes of section 6—208.1 of the Code, sets forth two distinct tiers of persons who are first offenders for purposes of summary suspension of driving privileges. Those tiers are persons having a previous conviction or court supervision for driving under the influence of alcohol and persons having previously received a suspension of their driving privileges for a similar offense. Defendant maintains that one may have a previous driving under the influence conviction yet still be a

first offender under the language of section 11—500 of the Code. Since the warning, which parallels the statute, did not state this fact, defendant contends the warning was inadequate.

Section 11—500 of the Code states:

"For the purposes of interpreting Sections 6—206.1 and 6—208.1 of this Code, 'first offender' shall mean any person who has not had a previous conviction or court assigned supervision for violating Section 11—501, or a similar provision of a local ordinance, or a conviction in any other state for a violation of driving while under the influence or a similar offense where the cause of action is the same or substantially similar to this Code, within the last 5 years; *or* any person who has not had a driver's license suspension for Section 11—501.1 after January 1, 1982, or a previous statutory summary suspension as provided in this Code, except in cases where the driver submitted to chemical testing resulting in an alcohol concentration of 0.10 or more and was subsequently found not guilty of violating Section 11—501, or a similar provision of a local ordinance." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 95½, par. 11—500.

■■ The primary rule in statutory construction is to ascertain and give effect to the intention of the legislature. (*People v. O'Donnell* (1987), 116 Ill. 2d 517, 508 N.E.2d 1066.) The language of the statute is the starting point of the analysis. (*Metropolitan Life Insurance Co. v. Washburn* (1986), 112 Ill. 2d 486, 493 N.E.2d 1071.) The court should also consider the reason and necessity for the act. (*Eckman v. Board of Trustees for the Police Pension Fund* (1986), 143 Ill. App. 3d 757, 493 N.E.2d 671.) The overall purpose of the legislature in enacting the summary suspension scheme was to protect those who travel on our highways and assist in the determination of whether motor vehicle drivers suspected of intoxication are in fact under the influence of alcohol. *Koss v. Slater* (1987), 116 Ill. 2d 389, 507 N.E.2d 826; *In re Summary Suspension of Driver's License of Ramos* (1987), 155 Ill. App. 3d 374, 508 N.E.2d 484; *People v. Griffith* (1987), 153 Ill. App. 3d 856, 506 N.E.2d 430.

■■ Defendant's argument is that the placement of the semicolon followed by the word "or" in the statute indicates the legislature intended to set out two alternative methods by which one could qualify for first-offender status. We disagree. The word "or" is used to indicate alternatives between unlike states or conditions. (Webster's Ninth New Collegiate Dictionary 829 (1986).) Any of the alternatives joined by the disjunctive word "or" independently may complete the complex sentence. (Webster's Ninth New Collegiate Dictionary 364

(1986).) Whenever this disjunctive is used in a sentence, the parts of the sentence are to be taken separately unless doing so would contravene the legislative intent. *Apex Oil Co. v. Henkhaus* (1983), 118 Ill. App. 3d 273, 454 N.E.2d 1032; *People v. Spencer* (1971), 131 Ill. App. 2d 551, 268 N.E.2d 192.

■ Therefore, in the instant case, a first offender is a person who has not had a previous conviction, court supervision, *or* driver's license suspension for driving under the influence. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—500.) The placement of the semicolon does not change this result, as the semicolon is used as punctuation mark separating clauses which themselves contain commas. The semicolon separates offenses of section 11—501 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501) from offenses under section 11—501.1 (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1) of the Code. The "or" makes it clear that either a previous violation of the substantive statute or a violation of the implied consent law will disqualify a driver from first offender status for purposes of statutory summary suspension. Giving the statutory language its commonly understood meaning comports with the legislature's intent in enacting the statute. It would not protect the public if first-offender status were denied to only those persons who had both a conviction of a substantive offense and a suspension for violating an implied consent law or related matter. Since the warning paralleled the statute, it was adequate.

■ Defendant also argues the warning was inadequate because it improperly advised her of the consequences of an out-of-State court supervision imposed for driving under the influence. However, defendant has not presented a record from which the effect of this alleged inadequacy upon her can be reviewed. It is well settled that the defendant has the burden of producing a record from which an issue may be reviewed upon appeal. Failure to present that record waives review of the issue.

For the above reasons, we affirm the trial court.

Affirmed.

GREEN and LUND, JJ., concur.