THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. JERRY L. ANDERSON, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

Second District   No. 2—87—0174

Opinion filed March 9, 1988.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart and Shawn W. Denney, Solicitors General, and Diane M. Curry-Graspas and Casandra E. Melton, Assistant Attorneys General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE REINHARD delivered the opinion of the court:

The Secretary of State (Secretary) appeals from an order of the circuit court of Stephenson County that granted a judicial driving permit to defendant, Jerry L. Anderson, for the purpose of seeking employment.[1] The Secretary's sole appellate contention is that the trial court's order is erroneous because it exceeds the scope of section 6—206.1 of the Illinois Vehicle Code (the Code) (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 6—206.1) and, therefore, must be reversed.

The defendant entered negotiated pleas of guilty to the offenses of driving under the influence of alcohol (DUI) and reckless driving (Ill. Rev. Stat., 1986 Supp., ch. 95½, pars. 11—501(a), (e)) stemming from a traffic accident that took place on November 14, 1986. On December 11, 1986, the statutory three-month summary suspension of defendant's driver's license was confirmed. (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 11—501.1(h).) The suspension took effect on January 9, 1987, and had a provisional termination date of April 9, 1987. On January 15, 1987, after accepting defendant's guilty pleas, the court sentenced him to a one-year term of conditional discharge, including the conditions that he pay a $500 fine and spend 24 hours in jail, for reckless driving, and a one-year term of court supervision, including a $75 fine and enrollment in an alcohol intervention program, for DUI.

Following the imposition of these sentences, defendant, who was unemployed at the time, filed *instanter* a petition for a judicial driving permit for the express purpose of seeking employment. After expressing some misgivings regarding the difficulty of monitoring a judicial driving permit for the purpose of searching for employment, the trial judge, nonetheless, granted the petition on January 15, 1987. The judicial driving permit, which the court directed be issued, authorized defendant to use a motor vehicle from 8 a.m. to 2 p.m. Monday through Friday within a 100-mile radius of Rockford, Illinois, for the "exclusive purpose of seeking employment at employment offices or job sites."

The Secretary of State's office informed the clerk of the circuit court, by a letter dated January 27, 1987, that the Secretary was unable to issue the judicial driving permit because the provisions of the court's order exceeded the scope of section 6—206.1 of the Code.

---

[1]Because this case was submitted to the court before the opinion in *People v. Bluett* (1988), 166 Ill. App. 3d 593, was filed, we have not raised *sua sponte* the Secretary of State's standing to bring this appeal.

(See Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 6—206.1(B)(d).) Subsequently, the Secretary filed this appeal.

■■ Before addressing the merits of the Secretary's appellate assignment of error, we briefly consider two preliminary matters. First, we note that defendant, the appellee, has not filed a brief in this court. However, pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, we will address the merits of the appeal because the record is simple and the issue presented for our consideration is easily decided. (*People v. Meece* (1987), 162 Ill. App. 3d 658, 660, 515 N.E.2d 1321.) We will not, however, act as an advocate for the appellee. (*Green v. Edgar* (1986), 151 Ill. App. 3d 163, 165, 502 N.E.2d 1193.) Second, we are cognizant, as the Secretary points out in his brief, that an argument could be advanced that review of the propriety of the trial court's order has become moot because, presumably, the summary suspension of defendant's driving privileges has terminated. Inasmuch as the issue now before us is likely to recur and may evade review given the short duration of the action, we conclude that the case comes within a narrow exception to the mootness doctrine. (*Meece*, 162 Ill. App. 3d at 660, 515 N.E.2d at 1322.) We therefore address the issue so that guidance may be given for future decisions. *In re Application of Rosewell* (1987), 117 Ill. 2d 479, 484-85, 512 N.E.2d 1256.

■■ The Secretary's contention that the trial court is not authorized to order the issuance of a judicial driving permit for the purpose of seeking employment requires us to construe the relevant portions of section 6—206.1(B) of the Code (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 6—206.1(B)). It is fundamental that a court, when interpreting a statutory enactment, is to ascertain and give effect to the intent of the legislature, which is accomplished by according the language of the statute its plain and ordinary meaning. (*Maloney v. Bower* (1986), 113 Ill. 2d 473, 479, 498 N.E.2d 1102; *Meece*, 162 Ill. App. 3d at 660, 515 N.E.2d at 1323.) Of course, a court cannot conclude that the legislative body did not intend what the statutory language clearly indicates. *Maloney*, 113 Ill. 2d at 479, 498 N.E.2d at 1104, quoting *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139, 361 N.E.2d 585, 587.

Section 6—206.1(B) of the Code provides, in pertinent part, as follows:

> "(B) Declaration of Policy. It is hereby declared a policy of the State of Illinois that the driver who is impaired by alcohol or other drugs is a threat to the public safety and welfare.

Therefore, to provide a deterrent to such practice and to remove problem drivers from the highway, a statutory summary driver's license suspension is appropriate. It is also recognized, that driving is a privilege and that in some cases the granting of limited driving privileges, within the bounds of public safety, is warranted during this period of driver's license suspension in the form of a judicial driving permit *to allow the person to continue employment and drive in connection with other necessary activities related to receiving drug treatment or medical care, where no alternative means of transportation is available.*

\* \* \*

(a) \*\*\* *A JDP* \*\*\* *shall always be subject to the following criteria:*

1. *If ordered for the purposes of employment, the JDP shall be only for the purpose of providing the petitioner the privilege of driving a motor vehicle between the petitioner's residence and the petitioner's place of employment and return; or within the scope of the petitioner's employment related duties,* and only during the specific times and routes actually required to commute or perform the petitioner's employment related duties.

2. The court, by a court order, may also direct the Secretary of State to issue a JDP to allow transportation for the petitioner, or a household member of the petitioner's family, to receive alcohol or other drug treatment or medical care, if the petitioner is able to demonstrate that no alternative means of transportation is reasonably available. However, such JDP shall be effective only during the specific times actually required to commute." (Emphasis added.) Ill. Rev. Stat., 1986 Supp., ch. 95½, pars. 6—206.1(B)(a)(1), (B)(a)(2).

Section 6—206.1(B) contains the additional relevant language:

"(c) Any court order issued for a JDP under this Section *shall be limited to the operation of a motor vehicle between the petitioner's residence and place of employment, and within the scope of the petitioner's job related duties,* and shall specify, on the JDP, days of the week and specific hours of the day when the petitioner is able to exercise the limited privilege of operating a motor vehicle. In addition, the court may establish whatever privileges or other limitations may be relevant to providing transportation for other necessary activities relating to receiving drug treatment or medical care in ordering the is-

suance of the JDP." (Emphasis added.) Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 6—206.1(B)(c).

■ The statutory provisions quoted above reflect the legislature's clear intent that the trial court may order the issuance of a judicial driving permit only to enable a driver who has had his or her license suspended (1) to continue employment and/or (2) to drive for the purpose of receiving (or providing a household member with access to) medical care or drug treatment where no other method of transportation is available. (See *Meece*, 162 Ill. App. 3d at 660-61, 515 N.E.2d at 1323.) Within the context of the facts of this case, the prerequisite for the issuance of the judicial driving permit is lacking inasmuch as the defendant admitted he was unemployed (*cf. Scott v. Edgar* (1987), 152 Ill. App. 3d 221, 224, 505 N.E.2d 4 (a person may not receive a restricted driving permit for the purpose of looking for employment)), and the permit was not issued for medical or drug treatment purposes.

We believe that the court's comment in *Scott v. Edgar* (1987), 152 Ill. App. 3d 221, 224, 505 N.E.2d 4, that it would be most difficult to monitor the travels of an individual who received a restricted driving permit for the purpose of searching for work, is particularly instructive and applies with equal force to the instant situation involving a judicial driving permit. We conclude that the legislature, presumably aware of this difficulty, intended to limit the application of section 6—206.1(B) strictly to the two situations clearly delineated in the statute. Inasmuch as neither purpose formed the basis for the trial court's order directing the issuance of the judicial driving permit, the judgment of the circuit court of Stephenson County is reversed. See *Meece*, 162 Ill. App. 3d at 661, 515 N.E.2d at 1323.

Reversed.

HOPF and DUNN, JJ., concur.