THE PEOPLE *ex rel.* JIM EDGAR, Secretary of State, Plaintiff-Appellant, v. WILLIAM J. CURLEY, Defendant-Appellee.

Third District   No. 3—88—0216

Opinion filed August 31, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Diane Curry-Grapsas, Assistant Attorney General, of counsel), for appellant.

Charles R. Thomas, P.C., of Pekin, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The appellant, the Secretary of State (the Secretary), appeals from an order issued by the trial court directing the Secretary to issue a judicial driving permit (JDP) (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1) to the defendant, William J. Curley. We reverse.

The record shows that on January 3, 1988, the defendant was arrested for driving while under the influence of alcohol (DUI) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501). The record also shows that the defendant had previously been arrested for DUI on December 23, 1982. In that case, the defendant was granted supervision on April 28, 1983. In the instant case, the trial court, on February 18, 1988, ordered the issuance of a judicial driving permit to the defendant. The Secretary returned the order, indicating that the Secretary believed that the defendant was ineligible for a JDP because he was not a first offender as defined by section 11—500 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500). The Secretary then brought the instant appeal.

On appeal, the Secretary contends that the trial court erred in granting the defendant a JDP, because he was not a first offender as defined by section 11—500 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500). The defendant argues in response that the statute is ambiguous and that the trial court was correct in interpreting the statutory time period contained in section 11—500 as running from the date of the first offense to the date of the second offense.

Initially, we note that the defendant appears to question the standing of the Secretary to challenge the court's order for the issuance of a JDP. The Illinois Supreme Court in *People v. Pine* (1989), 129 Ill. 2d 88, recently held that the Secretary has standing to challenge such orders.

Section 11—500 states in pertinent part that a first offender is "any person who has not had a previous conviction or court

assigned supervision for violating Section 11—501, *** within the last 5 years." (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500.) It is fundamental that a court, when interpreting a statutory enactment, is to ascertain and give effect to the intent of the legislature, which is accomplished by according the language of the statute its plain and ordinary meaning. (*People v. Anderson* (1988), 167 Ill. App. 3d 308, 521 N.E.2d 148.) Where the facts are basically uncontroverted and the real issue is the trial court's application of the law to such facts, a question of law is presented and the rule that a court of review may not set aside the trial court's finding unless contrary to the manifest weight of the evidence is inapplicable. (*South Suburban Safeway Lines, Inc. v. Regional Transportation Authority* (1988), 166 Ill. App. 3d 361, 519 N.E.2d 1005.) Instead, we may determine the correctness of the ruling on the question of law independently of the trial court's judgment. *Best Coin-Op, Inc. v. Old Willow Falls Condominium Association* (1983), 120 Ill. App. 3d 830, 458 N.E.2d 998.

■ In the instant case, the record showed that the defendant had received court-assigned supervision on April 28, 1983. He was later arrested for DUI on January 3, 1988. On February 18, 1988, the trial court ordered the issuance of a JDP. These latter events occurred within five years of the defendant's receiving court-assigned supervision for the earlier DUI arrest. The defendant was not a first offender within the plain meaning of section 11—500 and was therefore not eligible for a judicial driving permit.

The judgment of the circuit court of Tazewell County, insofar as it granted the defendant a judicial driving permit, is reversed; the remainder of the judgment is affirmed.

Reversed in part; affirmed in part.

HEIPLE and SCOTT, JJ., concur.