THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. ROBERT B. CRAWFORD, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

Fourth District   No. 4—89—0747

Opinion filed March 28, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Claudia E. Sainsot, Assistant Attorney General, of Chicago, of counsel), for appellant.

Bruce Baber, of Paris, for appellee.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

In the circuit court of Edgar County, defendant Robert B. Crawford pleaded guilty to driving under the influence of alcohol (DUI) and was granted a judicial driving permit (JDP). On appeal, the Secretary of State (Secretary) argues the JDP was improperly granted as defendant was not a first-time offender within the meaning of the statute. We reverse.

On February 16, 1989, at 12:16 a.m., defendant was observed by a Paris police officer to be driving his automobile without any headlights on. The police officer stopped defendant and detected a strong odor of alcohol. Defendant was asked to perform various field-sobriety tests. Due to defendant's performance on these tests, he was arrested for DUI. Defendant was taken to the police station, where he refused to submit to blood-alcohol testing. Defendant was notified by the arresting officer his refusal would result in suspension of driving privileges. Defendant posted bond and was given the keys to his automo-

bile, which had been towed to the station. Despite the police warning not to drive until sober, defendant was observed driving his vehicle away from the station. Defendant was arrested four minutes later at 2:10 a.m. for DUI. This time defendant submitted to blood-alcohol testing, and the test revealed an alcohol concentration of 0.17. The arresting officer notified defendant his license would be suspended this time for exceeding the minimum allotted blood-alcohol concentration.

Defendant received separate notices from the Secretary confirming his statutory summary suspension. Defendant was notified that pursuant to his first arrest and refusal, his license would be suspended for a minimum length of six months. Defendant was notified that for his second arrest and alcohol concentration of 0.17, his license would be suspended for a minimum length of 12 months. At this time, defendant's provisional reinstatement date is April 3, 1990. Defendant's driving record as provided by the Secretary discloses two separate arrests for two separate DUIs.

On July 17, 1989, defendant entered into a plea agreement. Defendant pleaded guilty to the second DUI charge and was sentenced to two years' court supervision. The State entered a plea of *nolle prosequi* to the first DUI arrest. On July 14, 1989, defendant petitioned for a JDP to drive to and from work. The trial court issued an order directing the Secretary to issue a JDP on July 21, 1989.

On July 31, 1989, the Secretary sent notice to the clerk of the circuit court that defendant was ineligible for a JDP because he was a second offender. The circuit court responded by issuing a reassessment order reaffirming the issuance of defendant's JDP. In this order of August 15, 1989, the trial court stated under the limited and somewhat unusual circumstances of this case, the two summary suspensions occurred virtually simultaneously and should be considered part of a single continuing transaction. A stipulation of facts filed on August 11, 1989, acknowledged two DUI arrests had occurred.

Sections 6—206.1 and 6—208.1 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, pars. 6—206.1, 6—208.1) provide that subsequent to a notification of statutory summary suspension of driving privileges, a first offender as defined in section 11—500 may petition the circuit court of venue for a JDP. Section 11—500 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500) states:

> "For the purposes of interpreting Sections 6—206.1 and 6—208.1 of this Code, 'first offender' shall mean any person who has not had a *previous* conviction or court assigned supervision for violating Section 11—501, or a similar provision of a local ordinance, or a conviction in any other state for a violation of

driving while under the influence or a similar offense where the cause of action is the same or substantially similar to this Code, within the last 5 years; or any person who has not had a driver's license suspension for Section 11—501.1 after January 1, 1982, or a *previous* statutory summary suspension as provided in this Code, except in cases where the driver submitted to chemical testing resulting in an alcohol concentration of 0.10 or more and was subsequently found not guilty of violating Section 11—501, or a similar provision of a local ordinance." (Emphasis added.)

At issue here is the definition of the word "previous" and the application of such definition to the facts of this case.

Defendant argues the word "previous" cannot be applied in its literal sense. Such a definition would merely mean earlier in time. Accordingly, an individual applying for a JDP after being sentenced for the underlying criminal charge would not qualify as a first offender. Furthermore, under such a construction, every individual seeking a JDP would be disqualified as a first offender due to the suspension he had "previously" received for that offense.

Defendant contends the phrase "previous conviction" or "previous summary suspension" should be taken to mean a conviction or supervision based upon a prior and *separate* DUI violation. Defendant contends his arrests were actually one single continuing transaction and should be treated as one single suspension. In support, defendant cites the circuit court's reassessment order which reached this same conclusion.

■■ We agree with defendant the plain meaning of the word "previous" indicates a different, separate, and preceding conviction or suspension. However, we differ from defendant regarding the application of this definition to the facts of the case. It is clear from the record defendant has received a previous statutory summary suspension for the first DUI arrest and his refusal to submit to blood-alcohol testing. Defendant was arrested for the first DUI, transported to the station, processed, warned not to drive, and released. Nearly two hours after the commission of the first offense, defendant again drove under the influence of alcohol and was again arrested. Contrary to defendant's allegations, the two acts were separate. Defendant's later actions constituted a subsequent and separate offense. Accordingly, defendant does not qualify as a first offender under section 11—500.

■ The overall purpose of the legislature in enacting the summary suspension scheme was to protect those who travel on our highways and assist in the determination of whether motor vehicle drivers

suspected of intoxication are, in fact, under the influence of alcohol. (*People v. Doyle* (1987), 159 Ill. App. 3d 689, 512 N.E.2d 798.) The statute does not vest the circuit courts with discretionary authority in determining who is a first offender. The statute makes such a determination and is to be strictly construed to promote its overall purpose.

We reverse.

Reversed.

GREEN and STEIGMANN, JJ., concur.