THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. JOHN P. REY-MAR, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

Second District   No. 2—88—0514

Opinion filed April 26, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE GEIGER delivered the opinion of the court:

Jim Edgar, the Secretary of State, appeals from an order of the circuit court directing him to issue a judicial driving permit (JDP) to the defendant, John P. Reymar. The Secretary contends that the defendant was not a first offender under section 11—500 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500) and was therefore ineligible for a JDP. We agree, and we reverse the circuit court's order directing the Secretary to issue a JDP to defendant. Although the trial court placed the defendant on supervision, the issue of his eligibility for supervision was not raised on appeal and, therefore, is not considered in this opinion.

On February 10, 1983, the defendant was placed under court supervision for driving under the influence of alcohol. Less than five years later, on January 9, 1988, the defendant was arrested and charged with driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501), and improper lane usage (Ill. Rev.

Stat. 1987, ch. 95½, par. 11—709). At the time of the arrest, the defendant took a breathalyzer test which disclosed a blood-alcohol concentration of 0.17. Immediately thereafter, the defendant was served with a notice of summary suspension of his driving privileges pursuant to section 11—501.1 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1); the Secretary imposed a minimum statutory suspension of the defendant's driving privileges, having determined that the defendant was not a first offender within the meaning of section 11—500 of the Code.

On March 23, 1988, the defendant pleaded guilty to the charges, and the trial court imposed a fine of $500 and placed him on 12 months' supervision, ordered him to attend counseling, and perform 80 hours of public service. The defendant also received a fine of $50 for the improper lane usage offense. At the same proceeding, the defendant filed a petition for a JDP, which the circuit court issued for purposes of travel to and from work and to obtain drug treatment. On March 31, 1988, in a letter to the clerk of the court, the Secretary stated his belief that he did not have the statutory authority to issue the JDP because the defendant was not a first offender; the Secretary requested the circuit court to reassess the issuance of the JDP. The trial court denied this request, and on May 3, 1988, again ordered the Secretary to issue a JDP to the defendant. The Secretary appeals from that final order.

The defendant-appellee has not submitted a brief. We consider the merits of this appeal under the guidelines of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

■■ The Secretary contends that it was error for the trial court to order the issuance of a JDP because the defendant was arrested for DUI on January 9, 1988, and this occurred less than five years from the defendant's assignment to court supervision on February 10, 1983. We agree that the defendant was ineligible for a JDP because, under section 11—500, he was not a "first offender," which is defined for our purposes as "any person who has not had a previous conviction or court assigned supervision for [DUI] *** within the last 5 years" (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500). It is clear from the language of the statute that the five-year period commences with the date of the defendant's prior conviction, assignment to supervision, or guilty plea, and not from the date of his prior arrest. Since the defendant was arrested and charged with the offense of DUI within five years of his prior assignment of supervision for DUI, it is clear that the defendant should not have been issued a JDP. See *People v. Brom* (1989), 189 Ill. App. 3d 910, 912; see also *People v. Mof-*

*fat* (1989), 192 Ill. App. 3d 326; *People ex rel. Edgar v. Pence* (1989), 191 Ill. App. 3d 96.

Accordingly, the judgment of the circuit court, insofar as it orders the issuance of a JDP to defendant, is reversed.

Reversed in part.

McLAREN and REINHARD, JJ., concur.