THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. SANDRA K. SANDNESS, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

Fourth District   No. 4—89—0768

Opinion filed May 1, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Tanya Solov, Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

The Secretary of State (Secretary) appeals from a circuit court order directing the issuance of a judicial driving permit (JDP) to defendant Sandra K. Sandness. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1.) We reverse.

Defendant was placed on court supervision for driving while under the influence of alcohol (DUI) on July 6, 1984. Ill. Rev. Stat. 1983,

ch. 95½, pars. 11—501, 11—501.1.

Defendant was again arrested and charged with DUI on March 17, 1989. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2).) She refused to submit to any chemical testing, whereupon the arresting officer served defendant with notice that her license and driving privileges would be immediately subject to suspension. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1.) Defendant subsequently received separate letter notice confirming a 12-month summary suspension of her license and driving privileges.

Defendant pleaded guilty to the DUI charge on July 20, 1989. The Sangamon County circuit court accepted her plea and sentenced defendant to court supervision for a one-year period conditioned on alcohol-abuse counseling and payment of a $500 fine.

On July 20, 1989, defendant filed a petition for a JDP to travel to and from counseling and work. The circuit court granted the petition and entered an order directing the issuance of a JDP to defendant. The Secretary subsequently returned the order for reassessment, indicating its determination defendant was ineligible for a JDP based on her prior DUI supervision. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500.) Upon reassessment, the circuit court responded with an order again directing the issuance of a JDP to defendant.

■■ We note defendant did not file an appellee brief on appeal. Accordingly, the standard of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, applies. Under this standard, the appellate court will decide the merits of an appeal where the record is simple and the issues are easy to resolve.

On appeal, the Secretary contends the circuit court erred in directing the issuance of a JDP to defendant because she was not a first offender within the meaning of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 1—100 *et seq.*). We agree.

■■ Section 6—206.1 of the Code states the circuit court should only issue JDPs to first offenders. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1; see also *People v. Pine* (1989), 129 Ill. 2d 88, 97, 542 N.E.2d 711, 713.) A first offender is defined as follows:

> "For the purposes of interpreting Sections 6—206.1 and 6—208.1 of this Code, 'first offender' shall mean any person who has not had a *previous* conviction or court assigned supervision for violating Section 11—501 *** within the last 5 years." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500.)

The underlying purpose of this statutory scheme is to protect those who travel on Illinois highways. *People v. Doyle* (1987), 159 Ill. App. 3d 689, 692, 512 N.E.2d 798, 800.

The dispositive question here is whether defendant's subsequent DUI arrest occurred within five years of the disposition of her prior DUI arrest. (*People ex rel. Edgar v. Pence* (1989), 191 Ill. App. 3d 96, 99, 546 N.E.2d 1182, 1184.) This determination presents a pure question of law. As such, we may determine the correctness of the ruling below independently of the judgment by the circuit court. *People ex rel. Edgar v. Curley* (1989), 188 Ill. App. 3d 37, 39, 543 N.E.2d 1088, 1089.

In this action, the record shows defendant received court-assigned supervision for her prior DUI arrest on July 6, 1984. She was again arrested for DUI on March 17, 1989. These two events occurred within a five-year period. Thus, defendant was not eligible for a JDP as a first offender within the meaning of the Code. See *People v. Kerr* (1990), 196 Ill. App. 3d 207.

The judgment of the circuit court of Sangamon County, insofar as it granted defendant a JDP, is reversed.

Reversed.

LUND and McCULLOUGH, JJ., concur.