THE PEOPLE *ex rel.* JIM EDGAR, Secretary of State, Respondent-Appellant, v. MICHAEL H. CORUM, Petitioner-Appellee.

Third District   No. 3—90—0122

Opinion filed August 23, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Claudia Sainsot, Assistant Attorney General, of Chicago, of counsel), for appellant.

Leonard Sacks, of Kankakee, for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The Secretary of State appeals an order directing him to grant a judicial driving permit (JDP) to the petitioner, Michael H. Corum. We reverse.

The record shows that on February 15, 1985, the petitioner was placed on court supervision following a conviction for driving under the influence of alcohol. On October 21, 1989, police again arrested the petitioner for driving under the influence of alcohol. Since the petitioner refused alcohol testing and was not a first offender, the Secretary of State summarily suspended his privilege to operate a motor vehicle for two years (Ill. Rev. Stat. 1989, ch. 95½, pars. 6—208.1, 11—501.1).

The petitioner subsequently petitioned for a JDP. Following a hearing at which the petitioner and the State's Attorney were present, the trial court entered an order requiring the Secretary of State to grant the petitioner a JDP. The Secretary declined to grant the JDP, however, because the petitioner was not a first offender. The trial court then resubmitted the order for a JDP. The Secretary appeals the resubmission of the order.

On appeal, the Secretary notes that the court may only grant JDPs to first offenders (Ill. Rev. Stat. 1989, ch. 95½, par. 6—206.1). He contends that the petitioner is not a first offender because he committed the current offense within five years of being placed on supervision for driving under the influence of alcohol. (See Ill. Rev. Stat. 1989, ch. 95½, par. 11—500; *People ex rel. Edgar v. Curley* (1989), 188 Ill. App. 3d 37, 543 N.E.2d 1088.) The Secretary therefore concludes that the trial court lacked authority to grant a JDP. The petitioner's sole argument in response is that this argument was waived because the prosecutor did not present it to the trial court.

■ We decline to apply the waiver rule in this instance. The Secretary has broad authority to administer the laws regarding the conduct of drivers on the roads. (*People v. Pine* (1989), 129 Ill. 2d 88, 542 N.E.2d 711.) Section 6—206.1(d) of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 6—206.1(d)) states that the Secretary shall review orders for judicial driving permits and, if he finds an order that does not comply with the Code, shall return it to the trial

court with his reasons for not granting the permit. Application of the waiver principle would defeat the legislature's intention that the Secretary have the power to review the granting of JDPs.

██ Further, where the trial court's failure to comply with statutory requirements is readily apparent from the record, an error may be considered for the first time on appeal under a doctrine analogous to the plain error rule. (*In re Whittenberg* (1986), 143 Ill. App. 3d 836, 493 N.E.2d 662.) Here, the record clearly shows that the petitioner was not a first offender. The Secretary could therefore attack the order for the first time on appeal.

Accordingly, the judgment of the circuit court of Kankakee County is reversed.

Reversed.

BARRY and STOUDER, JJ., concur.