518

THE PEOPLE *ex rel.* JIM EDGAR, Secretary of State, Plaintiff-Appellant,
v. FRANK E. TOPPING, Defendant-Appellee.

Third District   No. 3—90—0197

Opinion filed October 12, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Deborah L. Ahlstrand, Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The Secretary of State appeals from an order of the trial court directing the Secretary to issue a judicial driving permit (JDP) (Ill. Rev. Stat. 1989, ch. 95½, par. 6—206.1) to the defendant, Frank E. Topping. We reverse.

Initially, we note that the defendant has not submitted an appellee's brief. Nevertheless, when the record is simple and the court of review can easily decide the disputed errors without an appellee's brief, the reviewing court may decide the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The record shows that the defendant was arrested on April 20, 1985, for driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)(2)). On July 17, 1985, the trial court convicted him of DUI and placed him on court supervision. As a result of his April 20, 1985, DUI arrest and his subsequent refusal to submit to chemical testing to determine his blood-alcohol concentration, he was required to serve an implied consent suspension of his driving privileges from August 6, 1985, through February 6, 1986. (Ill. Rev. Stat. 1983, ch. 95½, pars. 6—206(a)17, 11—501.1.) On November 15, 1989, the defendant was again arrested for a DUI violation and again refused to submit to chemical testing. As a result, his license was summarily suspended for two years. Ill. Rev. Stat. 1989, ch. 95½, pars. 11—501.1, 6—208.1(a)(3).

On January 8, 1990, the defendant pled guilty to DUI and was sentenced to serve 12 months' probation and pay a $300 fine. On that same day, the trial court ordered the Secretary to issue the defendant a judicial driving permit. On January 19, 1990, the Secretary asked the court to reconsider its ruling, informing the court that the defendant was not a "first offender" as defined in section 11—500 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—500) and therefore he was ineligible for a JDP. The court subsequently denied the Secretary's request and reentered its finding that the defendant was eligible for a JDP. In so doing, it stated that the defendant had not had a prior conviction or a court-assigned supervision for a DUI offense within the last five years and that the charges leading to his prior statutory summary suspension had been dismissed.

On appeal, the State argues that the trial court erred in concluding that the defendant was a first offender.

Section 11—500 of the Code defines a "first offender" in relevant part as "any person who has not had a previous conviction or court assigned supervision for violating Section 11—501, *** or any

person who has not had a driver's license suspension for Section 11—501.1 within 5 years prior to the date of the current offense, except in cases where the driver submitted to chemical testing *** and was subsequently found not guilty of violating Section 11—501." (Ill. Rev. Stat. 1989, ch. 95½, par. 11—500.) Where the intention of the legislature is clearly expressed, the plain meaning of the statute should be given effect. *Finley v. Finley* (1980), 81 Ill. 2d 317, 410 N.E.2d 12.

■ Section 11—500 plainly provides that a driver is not a first offender for JDP purposes if within the last five years he has had a DUI-related conviction, court-assigned supervision, or license suspension. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—500.) In the instant case, the record shows that the defendant was placed on court supervision for a DUI conviction on July 17, 1985, and was again arrested for a DUI violation on November 15, 1989. His second DUI arrest occurred within five years of his receiving court-assigned supervision. He therefore was not a first offender as defined in section 11—500. (See *People ex rel. Edgar v. Pence* (1989), 191 Ill. App. 3d 96, 546 N.E.2d 1182.) We further note that the defendant was not a first offender for the additional reason that he had received a license suspension within five years of his November 15, 1985, DUI violation.

Although it is not entirely clear from the record, it appears that the trial court granted the JDP believing that the exception contained in section 11—500 was applicable because the defendant's 1985 DUI charge was later dismissed. For the exception to apply, the statute requires both that the defendant submit to chemical testing and that he be found not guilty. Here, the exception is inapplicable for two reasons. First, the defendant was actually found guilty of the 1985 DUI charge and placed on court supervision. The case was dismissed only after the defendant successfully met the conditions of his court-assigned supervision. Second, the defendant's driving abstract indicates that he refused to submit to chemical testing when arrested for the 1985 DUI. We therefore conclude that the trial court erred in finding that the defendant was a first offender for JDP purposes.

The judgment of the circuit court of Rock Island County is reversed.

Reversed.

HEIPLE, P.J., and BARRY, J., concur.