THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. JERRY PETERSON, Defendant-Appellee (Jim Edgar, Appellant).

Fifth District   No. 5—89—0029

Opinion filed August 28, 1991.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Claudia E. Sainsot, Assistant Attorney General, of Chicago, of counsel), for appellant.

George R. Ripplinger, Jr., of Ripplinger, Dixon & Johnston, of Belleville, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

The Secretary of State appeals from an order of the trial court directing the Secretary to rescind a 12-month statutory summary suspension of defendant's driving privileges and to reduce it to a six-month period. We reverse.

Defendant was arrested and charged with driving under the influence (DUI) on November 7, 1988, in violation of section 11—501(a)(1) of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501(a)(1)). He was given the warning to motorists, which informed him that if he was not a first offender and refused or failed to complete all alcohol assessment tests as requested, his driving privileges would be suspended for a minimum of 12 months. Defendant refused to submit to the tests. The Secretary summarily suspended defend-

ant's driver's license for 12 months because defendant was not a first offender as defined by statute.

At defendant's first appearance on December 12, 1988, the trial court entered an order amending defendant's statutory summary suspension to a period of six months because the defendant's earlier arrest was more than five years before the arrest in the instant case. The court ordered the Secretary of State to rescind the 12-month suspension and to issue a six-month suspension to begin December 23, 1988. The State appealed. We reverse.

The State asserts that the trial court improperly ordered the Secretary of State to rescind the 12-month statutory summary suspension of the defendant's driving privileges because the defendant was not a first offender as defined by section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501). Defendant argues that the proper calculation of the time between the offenses should run from the time of the arrest on the first conviction to the time of the arrest on the second charge.

At the time of the offense and subsequent issuance of the court order, in the case at bar, section 11—500 read as follows:

> "For the purposes of interpreting Sections 6—206.1 and 6—208.1 of this Code, 'first offender' shall mean any person who has not had a previous conviction or court assigned supervision for violating Section 11—501, or a similar provision of a local ordinance, or a conviction in any other state for a violation of driving while under the influence or a similar offense where the cause of action is the same or substantially similar to this Code, within the last 5 years; or any person who has not had a driver's license suspension for Section 11—501.1 after January 1, 1982, or a previous statutory summary suspension as provided in this Code, except in cases where the driver submitted to chemical testing resulting in an alcohol concentration of 0.10 or more and was subsequently found not guilty of violating Section 11—501, or a similar provision of a local ordinance." (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500.)

First offenders under this statute were those drivers who had not previously had a conviction for driving under the influence within the last five years, had not been given court supervision for driving under the influence within the last five years, and had not had their driver's licenses suspended for driving under the influence after January 1, 1982. *People v. Doyle* (1987), 159 Ill. App. 3d 689, 693, 512 N.E.2d 798, 800.

Defendant was convicted of driving under the influence on November 9, 1983. On November 7, 1988, less than five years after that conviction, he was again arrested for driving under the influence of alcohol. The trial court's order stated that it believed that the measurement of the five-year period was to extend from conviction to conviction. Four districts of the appellate court have held that it is not the date of the prior arrest, but the date of the conviction, supervision, or suspension that begins the five-year period. (See *People v. Moffat* (1st Dist. 1989), 192 Ill. App. 3d 326, 329, 548 N.E.2d 757, 759; *People v. Reymar* (2d Dist. 1990), 197 Ill. App. 3d 224, 225, 553 N.E.2d 1186, 1187; *People ex rel. Edgar v. Topping* (3d Dist. 1990), 204 Ill. App. 3d 518, 520, 562 N.E.2d 8, 10; *People v. Sandness* (4th Dist. 1990), 197 Ill. App. 3d 486, 488, 554 N.E.2d 769, 771.) We agree, and hold that defendant was not a first offender subject to only a six-month period of suspension of his driving privileges, due to his prior DUI conviction within five years of the instant arrest for driving under the influence of alcohol. The 12-month license suspension ordered by the Secretary of State was proper. The trial court's order to the Secretary of State, directing him to issue a six-month suspension, is reversed. The 12-month suspension of defendant's driving privileges is reinstated.

Reversed.

HOWERTON and WELCH, JJ., concur.