THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RICHARD FUHRMAN, Defendant-Appellant.

Third District   No. 3—91—0490

Opinion filed September 1, 1992.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Richard Fuhrman, was charged on August 29, 1989, with residential burglary. (Ill. Rev. Stat. 1991, ch. 38, par. 19—3(a).) On December 8, 1989, Fuhrman was found to be unfit to stand trial and was placed in the Department of Mental Health and Developmental Disabilities (the Department) for treatment.

Fuhrman was later reexamined and, on January 18, 1991, he was still found to be unfit. The same day, Fuhrman filed a motion for a discharge hearing. Thereafter, the court appointed Dr. Daniel J. Cuneo, a clinical psychologist, to determine Fuhrman's sanity at the time of the offense. In his report, Cuneo opined that Fuhrman was legally sane at the time of the offense but was mentally ill. As a consequence, Fuhrman would qualify for a guilty-but-mentally-ill plea.

During the subsequent June 28, 1991, discharge hearing, Fuhrman objected to the introduction of a statement he had previously made. Fuhrman claimed that the statement was made at a time when he had been found unfit to stand trial. The trial court treated Fuhrman's objection as a motion to suppress and *refused* to conduct a suppression hearing. The discharge hearing continued, and the trial court

found that the State could meet its burden of proof if the case went to trial. Accordingly, the court remanded Fuhrman to the Department for further treatment.

Fuhrman appeals the trial court's refusal to conduct a hearing on his motion to suppress. We reverse and remand so that the trial court can conduct a suppression hearing.

At the June 28, 1991, discharge hearing, Susan Berk testified that she left her home on August 1, 1989, and noticed a broken window when she returned around 7:45 a.m. the next day. Also, the back door, which had been locked the day before, was open. Inside, Berk found many items of her personal property had either been misplaced or were missing. Also, she discovered a shotgun had been taken from her garage. Following this discovery, Berk called the police. Later that day, she saw some of her property inside a house two doors down the street.

Deputy Christopher Canupp of the Will County sheriff's department testified that during the investigation of this incident, he met with the owner of the house where Berk's property was discovered. The owner allowed Deputy Canupp to enter his garage. Inside the garage, Canupp found Fuhrman hiding. Berk was then brought to the scene, and she identified as hers a shotgun found in the garage. The owner explained that he had allowed Fuhrman and another man to stay in the garage.

Will County Sheriff's Investigator James Creed was called to testify for the State. When the prosecutor began to question Creed regarding a statement Fuhrman had made, defense counsel objected. Fuhrman's counsel argued that the statement could not be used because the trial court had previously found Fuhrman was unfit to stand trial. The prosecutor stated he had no objection to immediately conducting a suppression hearing. The trial court treated the objection as a motion to suppress, but found the motion was untimely. The trial court based its finding on the fact that Fuhrman had been declared unfit to stand trial well before the discharge hearing, and also because the defense counsel admitted that Fuhrman's statement was contained in discovery materials filed in 1989.

Creed testified that he had advised Fuhrman of his constitutional rights. Fuhrman indicated that he understood them, signed a waiver, and agreed to talk. Fuhrman told Creed that he and Jim Hunt had burglarized the Berk residence. Fuhrman said he used a knife to break a window and enter the house, while Hunt entered through the garage. Fuhrman said he took some food and a clock. Hunt also entered the house and took a television set. Creed stated that Fuhrman

seemed to be coherent when he made the statement. However, Creed did testify that Fuhrman's speech was slurred and he appeared as if he had been drinking. Creed indicated, on cross-examination, that he did not smell alcohol on Fuhrman.

At the close of the discharge hearing, the trial court found that the State would be able to meet its burden of proof if the case went to trial. Accordingly, the court remanded Fuhrman to the Department for further treatment.

■ On appeal, Fuhrman argues the trial court erred when it refused to conduct a suppression hearing. Fuhrman interprets section 114—11 of the Code of Criminal Procedure of 1963 to require that a motion to suppress must be made before the beginning of a *trial*. (Ill. Rev. Stat. 1991, ch. 38, pars. 114—11(a), (g).) Fuhrman argues the motion to suppress was timely since it was made during a discharge hearing and *before* a criminal trial had commenced. We agree.

Citing *People v. Steidl* (1991), 142 Ill. 2d 204, 568 N.E.2d 837, the State first argues that Fuhrman has waived this issue. We disagree. The State notes the basis for the defense counsel's objection was because Fuhrman had been found unfit to stand trial. The State specifically argues that Fuhrman's counsel had failed to claim that the confession was not voluntary. However, while Fuhrman's defense counsel might have chosen her words more carefully, we clearly find from the record that the objection was made based on the voluntariness of Fuhrman's confession. Moreover, *both* the prosecutor and the trial court treated Fuhrman's objection as a motion to suppress. Therefore, we find the issue has been preserved for appeal.

In response to the merits of Fuhrman's argument, the State contends that a discharge hearing should be considered the same as a trial for purposes of section 114—11. We disagree.

■ It is fundamental that a court, when interpreting a statute, is to ascertain and give effect to the legislative intent by according the statutory language its plain and ordinary meaning. (*People v. Anderson* (1988), 167 Ill. App. 3d 308, 521 N.E.2d 148.) Section 114—11 clearly requires that a motion to suppress must be made *prior to a trial*. As the State points out in its brief, there are similarities between a trial and a discharge hearing. However, we note that, depending upon the result of the discharge hearing, Fuhrman may later be subjected to a trial for whatever crime he was charged with. (Ill. Rev. Stat. 1991, ch. 38, pars. 104—25(a), (e), (g)(1).) We therefore interpret section 114—11 to mean that a discharge hearing is *not* the same procedure as a trial. (*People v. Polachek* (1984), 128 Ill. App. 3d

200, 205, 470 N.E.2d 584, 587.) Accordingly, Fuhrman's motion to suppress was made prior to trial as required by the statute.

Furthermore, we note that the prosecutor did not object to proceeding with the suppression hearing. Additionally, the two police officers who witnessed Fuhrman's confession, Deputies Creed and Canupp, were both *present* at the discharge hearing. Under these circumstances, it is difficult to discern any resulting prejudice to the State. On the other hand, there was great prejudice to Fuhrman by the court's refusal to allow a suppression hearing. In our view, under all the circumstances, it would have been neither unfair, nor inconvenient, for the trial court to have conducted a suppression hearing. Accordingly, we find the trial court erred when it refused to allow the suppression hearing.

■ Finally, we find without merit the State's argument that even if the motion to suppress had been heard and granted, the remaining evidence presented at the discharge hearing would still prove Fuhrman guilty of residential burglary beyond a reasonable doubt. Therefore, the State argues that there is no need for another discharge hearing.

First, we note that in his decision, the trial judge specifically referred to the confession in finding that the State had met its burden of proof. Moreover, *without* the confession, the evidence presented did not preclude that someone else could have been involved in the burglary. We believe that the evidence resulting from the use of Fuhrman's confession was a substantial factor in the trial court's determination. Accordingly, this cause is remanded so the circuit court of Will County can conduct a suppression hearing.

For the reasons indicated, the judgment of the circuit court of Will County is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY, P.J., and GORMAN, J., concur.