THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. DAVID THOMPSON, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

Third District   No. 3—87—0309

Opinion filed August 8, 1988.

Neil F. Hartigan, Attorney General, of Springfield (Diane M. Curry-Grapsas, Assistant Attorney General, of Chicago, of counsel), for the People.

Frank J. Black, of Black & Black, of Morris, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

After receiving a statutory summary suspension, the defendant, David Thompson, was granted a judicial driving permit. On appeal, the Secretary of State argues that the permit was improperly granted because the defendant was not a first offender within the meaning of the statute. We reverse.

On April 18, 1984, the defendant was placed on court supervision for driving under the influence of alcohol. On January 15, 1987, the defendant was again arrested for driving under the influence of alcohol. The defendant was unable to complete the breathalyzer exam, and his driver's license was summarily suspended pursuant to section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1).

On April 8, 1987, the defendant filed a petition for a judicial driving permit for the purpose of traveling to and from work and for ob-

taining farm supplies. The trial judge granted the permit. The Secretary of State appeals, arguing that the defendant was not eligible to receive a judicial driving permit because he had previously received court supervision for driving under the influence.

■■ Section 6—206.1 of the Illinois Vehicle Code states that only first offenders are able to receive a judicial driving permit. (Ill. Rev. Stat. 1985, ch. 95½, par. 6—206.1.) A first offender is defined as follows:

> "For the purposes of interpreting Sections 6—206.1 and 6—208.1 of this Code, 'first offender' shall mean any person who has not had a previous conviction or court assigned supervision for violating Section 11—501 ***; or any person who has not had a driver's license suspension for Section 11—501.1 after January 1, 1982 ***." Ill. Rev. Stat. 1985, ch. 95½, par. 11—500.

The defendant argues that the placement of the semicolon followed by the word "or" in the statute indicates that the legislature intended to set out two alternative methods by which a person could qualify for first offender status. Since the defendant has not received a driver's license suspension since January 1, 1982, he argues that he should be considered to be a first offender under the second clause of the paragraph.

The primary rule in statutory construction is to give effect to the intention of the legislature. (*People v. Thoma* (1987), 152 Ill. App. 3d 374, 504 N.E.2d 539.) In determinating the legislative intent, the court should consider the language used as well as the purpose of the statute. (*People v. Naseef* (1984), 127 Ill. App. 3d 70, 468 N.E.2d 466.) The purpose of the legislature in enacting the summary suspension scheme is to protect those who travel on our highways. (*Koss v. Slater* (1987), 116 Ill. 2d 389, 507 N.E.2d 826.) The disjunctive "or" is not always employed in statutory drafting to express the true legislative purpose, and when it seems apparent that a literal meaning would produce a result not intended, the literal meaning may be altered to express the true legislative purpose. *Apex Oil Co. v. Henkhaus* (1983), 118 Ill. App. 3d 273, 454 N.E.2d 1032.

The instant issue was recently addressed in *People v. Doyle* (1987), 159 Ill. App. 3d 689, 512 N.E.2d 798. Therein, the Fourth District court rejected the defendant's argument that a person was entitled to first offender status if he qualified under either of the clauses of section 11—500. The court held that a person who had received a previous conviction, court supervision, or driver's license suspension was not a first offender within the meaning of the statute.

We agree with the analysis in *Doyle*. This interpretation is consistent with the legislative purpose of the summary suspension scheme to protect those who travel on Illinois highways. That purpose would not be served by requiring that a defendant receive both a conviction or assignment to supervision under section 11—501 and a driver's license suspension under section 11—501.1 before he would be denied first offender status.

The order of the circuit court of Grundy County granting the defendant a judicial driving permit is reversed.

Reversed.

STOUDER, P.J., and HEIPLE, J., concur.