THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
PAUL E. DUFF, Defendant-Appellee.

Second District No. 2—88—0811

Opinion filed March 31, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Rosalyn B. Kaplan and Kimary Lee, Assistant Attorneys General, of Chicago, of counsel), for the People.

No brief filed for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff appeals an order of the circuit court of Du Page County granting a judicial driving permit (JDP) to defendant, Paul Duff. The Attorney General raises one issue on appeal: whether the trial court abused its discretion by granting a JDP to defendant, who was not a first offender within the meaning of section 6—206.1(B) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(B)).

Although no appellee's brief has been filed in response, we will consider the appeal under the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

On April 17, 1988, defendant was arrested for driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501). Defendant's driver's license was summarily suspended, and the notice of suspension indicated that defendant was not a first offender under the definition set forth in section 11—500 of the Vehicle Code. See Ill. Rev. Stat. 1987, ch. 95½, pars. 11—500, 11—501.1.

On May 25, 1988, defendant petitioned for a JDP to relieve undue hardship. Attached to the petition was an abstract of defendant's

driving record from the Secretary of State's office. The abstract showed that two dispositions had taken place on January 11, 1984, regarding an arrest on December 12, 1983. The court granted the JDP to defendant for the purpose of driving within the scope of defendant's employment. The Secretary of State requested that the court review its decision to issue the JDP because defendant was a second offender for DUI. On July 12, 1988, after a hearing on the matter, the court issued a final order directing the Secretary of State to issue a JDP to defendant. The plaintiff then filed this appeal.

■ On appeal, plaintiff contends that the court should not have granted the JDP to defendant because he is not a first offender. When construing statutes, courts must ascertain and give effect to the intent of the legislature. (*People v. O'Donnell* (1987), 116 Ill. 2d 517, 522.) The purpose of the summary suspension framework is protection of highway travelers. (*Koss v. Slater* (1987), 116 Ill. 2d 389, 395.) To interpret the statute, we must look to the language of the statute itself. (*Niven v. Siqueira* (1985), 109 Ill. 2d 357, 365.) Here, the statutory language is clear and unambiguous.

■ Section 6—206.1(B) of the Vehicle Code provides that a driver who is impaired by alcohol is a threat to public safety and that, to provide a deterrent to driving while intoxicated and to remove impaired drivers from the roads, the State may summarily suspend a driver's license. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(B).) The section further provides:

"[W]henever a first offender is arrested for any offense as defined in Section 11—501 ***:

(a) Subsequent to a notification of a statutory summary suspension of driving privileges as provided in Section 11—501.1, the first offender as defined in Section 11—500 may petition the circuit court of venue for a Judicial Driving Permit ***." (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(B)(a).)

A first offender is defined as:

"[A]ny person who has not had a previous conviction or *court assigned supervision* for violating Section 11—501 *** within the last 5 years ***." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 95½, par. 11—500.

The plaintiff argues that defendant was not a first offender because he had a court supervision for DUI within the last five years. Defendant was assigned supervision for DUI on January 11, 1984. The five-year time period did not expire until January 11, 1989, and the JDP was issued on May 25, 1988. Thus, if defendant had received supervision for DUI on January 11, 1984, defendant was not a first

offender within the meaning of the statute.

Defendant argued at the hearing that he qualified as a first offender because the DUI charge of December 12, 1983, was subsequently reduced to a charge of improper lane usage. This interpretation of the abstract is erroneous. The trial court's confusion over whether defendant's driving record included a supervision for a DUI offense is understandable because the State, in the trial court and on appeal, failed to explain adequately the coding system of the Secretary of State's abstract of defendant's driving record. In spite of this omission, we have deciphered the code.

The first column on the abstract is titled "Type Action." This column is a list of numbers, the meanings of which are listed on the back of the abstract. The fourth column from the left is entitled "Authority Section Doc. Ctrl. No. Test Res." This column refers to the section of the Vehicle Code under which the State has proceeded. The seventh column from the left is entitled "Action Reference Information." This column also refers to a section of the Vehicle Code.

The two pertinent actions were the two orders on January 11, 1984. The first of these has a "55" in the "Type Action" column. The 55 stands for "Driver Remedial Program." This remedial program was imposed under "6 117E" in the "Authority Section" column. Section 6—117(e) of the Vehicle Code provides that "[t]he Secretary of State shall also maintain appropriate records relative to a driver's referral to a driver remedial or rehabilitative program, as required by the Secretary of State or the courts." (Ill. Rev. Stat. 1983, ch. 95½, par. 6—117(e).) In the "Action Reference Information" column is the code 11—501. Section 11—501 of the Vehicle Code is the DUI statute.

The abstract reveals that the conviction on January 11, 1984, was for improper lane usage under section 11—709. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—709.) The driver remedial program, supervision, was for the DUI offense. Thus, defendant had a previous court-assigned supervision for DUI within five years of his petition for a JDP. As such, defendant does not fall within the first offender category and is therefore ineligible to receive a JDP. We conclude that the trial court abused its discretion by granting a JDP to defendant who was not a first offender as required by the statute.

The order of the circuit court of Du Page County is reversed.

Reversed.

McLAREN and DUNN, JJ., concur.