THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. PATRICIA A. KAZIK, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

Second District No. 2—89—0237

Opinion filed October 18, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Kimary Lee, Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, the Secretary of State (Secretary), appeals an order of the circuit court of Lake County, granting a judicial driving permit (JDP) to defendant, Patricia A. Kazik. The Secretary raises one issue on appeal: whether the trial court abused its discretion in granting a JDP to defendant, who was not a statutory first offender within the meaning of section 11—500 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500).

Although defendant has not filed an appellee's brief in response, we consider the Secretary's appeal under the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

On March 27, 1983, defendant was arrested for driving under the influence of alcohol (DUI) pursuant to section 11—501 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501). Defendant's driving privileges were suspended August 17, 1983, pursuant to section 6—206(a)(17) of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206(a)(17)), which authorizes the suspension of driving privileges for a motorist's refusal to submit to a chemical test as required by the implied-consent provision of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1). Defendant's suspension was effective through February 17, 1984.

Defendant was arrested for DUI a second time on October 29, 1988. Shortly thereafter, the Secretary served defendant with a notice of statutory summary suspension of her driving privileges for a period of 12 months commencing December 14, 1988. The Secretary's notice stated that defendant was not a first offender.

On January 5, 1989, defendant filed a petition for a JDP in which she declared that she was a first offender as defined in section 11—500 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500). The trial

court granted defendant's petition and ordered the issuance of a JDP to defendant for the purpose of driving to and from her place of employment. The Secretary requested the court to reassess its decision to issue the JDP because he believed defendant was ineligible to obtain such a permit as her record indicated she was not a first offender. On February 3, 1989, the court issued a final order directing the Secretary of State to issue a JDP to defendant. The Secretary's timely appeal ensued.

■ At the outset, we must address this court's jurisdiction to consider the Secretary's appeal. On May 25, 1989, the Secretary filed a motion to stay proceedings in this matter pending disposition by the Illinois Supreme Court of *People v. Pine*, which addressed the issue of the Secretary's standing to appeal an order of the trial court directing him to issue a JDP pursuant to section 6—206.1 of the Code. This court denied the Secretary's motion on June 2, 1989, and he filed his brief in accordance with our order. The supreme court has resolved the standing question in the Secretary's favor in its recently issued decision in *People v. Pine* (1989), 129 Ill. 2d 88. We thus consider the merits of the appeal.

■ On appeal, the Secretary contends that the trial court should not have granted a JDP to defendant because she is not a statutory first offender. Section 6—206.1(B)(a) authorizes the trial court to grant a first offender's petition for a JDP. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(B)(a).) This section relies upon the definition of "first offender" as provided in section 11—500 of the Code, which states:

> "For the purposes of interpreting Sections 6—206.1 and 6—208.1 of this Code, 'first offender' shall mean *** any person who has not had a driver's license suspension for Section 11—501.1 after January 1, 1982, or a previous statutory summary suspension as provided in this Code, except in cases where the driver submitted to chemical testing resulting in an alcohol concentration of 0.10 or more and was subsequently found not guilty of violating Section 11—501, or a similar provision of a local ordinance." Ill. Rev. Stat. 1987, ch. 95½, par. 11—500.

■ In its initial order issuing a JDP to defendant, the trial court found that defendant was a first offender "in that her conviction for a prior DUI was in July 1983 and the arrest on this matter was October 29, 1988 a period greater than five (5) years." The Secretary contends, and we agree, that the statute does not impose a five-year limitation on driver's license suspensions for the purpose of determining whether a DUI defendant is a first offender. Thus, the trial court's

finding that defendant was a first offender and its order to issue a JDP to defendant were erroneous.

We believe that the trial court's error springs, at least in part, from a faulty interpretation of the abstract of defendant's driving record as prepared by the Secretary of State. The trial court's confusion in this regard is understandable because the Secretary has failed to provide an adequate explanation of the coding system to be used in deciphering this abstract. We have noted difficulties of the same type in a recent decision, *People v. Duff* (1989), 181 Ill. App. 3d 324, 326. There, as in the instant matter, painstaking review of the abstract of defendant's driving record reveals that defendant is not a statutory first offender.

Although the first column of the abstract, entitled "Type Action," characterizes defendant's 1983 suspension as a "discretionary suspension," the fourth column, which refers to the section of the Vehicle Code under which the State proceeded, indicates that this suspension was pursuant to section 6—206(a)(17) (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206(a)(17)), which authorizes the Secretary to suspend or revoke a motorist's driving privileges for refusal to consent to a chemical test pursuant to section 11—501.1. It is quite evident that defendant's driver's license suspension on August 17, 1983, is "a driver's license suspension for Section 11—501.1 after January 1, 1982," as stated in section 11—500. Defendant is not a statutory first offender and is therefore ineligible to receive a JDP. Thus, the trial court abused its discretion by granting a JDP to defendant.

In closing, we urge the Secretary of State to attempt to explain more carefully the coding system used in the abstracts of motorists' driving records to avoid future confusion and the concomitant waste of judicial resources in similar cases.

The order of the circuit court of Lake County is reversed.

Reversed.

REINHARD and DUNN, JJ., concur.