THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SHARON L. MOFFAT, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

First District (1st Division)   No. 1—88—2688

Opinion filed December 18, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Kimary Lee, Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

The Secretary of State appeals a circuit court order directing the Secretary to issue a judicial driving permit to defendant Sharon Moffat. For the reasons below, we hold that the circuit court erred.

On December 20, 1982, Sharon Moffat was arrested for driving under the influence of alcohol. (Illinois Vehicle Code (the Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501).) Moffat refused to submit to a breathalyzer test, and her driver's license was suspended for six months pursuant to section 11—501.1 of the Code. Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1.

On April 20, 1988, Moffat was again arrested for driving under the influence of alcohol and submitted to a breathalyzer test, which showed a blood-alcohol level of .19. Immediately following, Moffat was served with notice of a summary suspension of driving privileges pursuant to section 11—501.1 of the Code. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1.) The Secretary of State imposed a 12-month suspension, beginning June 5, 1988.

On May 9, 1988, Moffat filed a petition for judicial driving permit to relieve undue hardship (JDP), pursuant to section 6—206.1 of the Code. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1.) On May 26, 1988, the trial court issued an order directing the Secretary of State to issue a JDP to Moffat for employment purposes. The JDP allowed Moffat to drive only to and from work at prescribed hours of the day and on prescribed routes. The State moved to reconsider issuance of the JDP because Moffat was a second offender, and on July 27, 1988, the trial court denied the motion.

The Secretary of State, not a party to the case, appealed, and in a Rule 23 order we followed *People v. Bluett* (1988), 166 Ill. App. 3d 593, 520 N.E.2d 395, *appeal denied* (1988), 121 Ill. 2d 573, and held that the Secretary of State lacked standing. In *People v. Pine* (1989), 129 Ill. 2d 88, 542 N.E.2d 711, however, the supreme court held that the Secretary of State has standing to appeal orders directing the issuance of a JDP. Our judgment was subsequently vacated and remanded by the supreme court on October 5, 1989, with instructions to

proceed in accordance with *Pine*. We further note that although the appellee, Ms. Moffat, filed no brief, we may consider the merits of the case. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

■ The issue here is whether the circuit court erroneously exceeded statutory limitations when it directed the Secretary to issue a JDP to a person who was not a first offender as defined by the Code. Although this case appears moot because Moffat's 12-month suspension ended on June 5, 1989, we apply the public interest exception to the mootness doctrine. The enforcement of laws against driving while under the influence of alcohol or other drugs is of general public concern, balancing an individual's desire and need to drive his car against the State's compelling need to remove a manifest threat to public safety. But despite efforts to curb drunken driving, the habit unfortunately persists. Thus, the scope of the circuit court's discretion in directing the Secretary to issue a JDP is a question likely to recur and requires an authoritative determination. (See *In re a Minor* (1989), 127 Ill. 2d 247, 537 N.E.2d 292.) Therefore, while our decision can no longer affect Ms. Moffat, we proceed to the merits of the case.

■ ■ The JDP is authorized by section 6—206.1 of the Code, which declares the policy of removing impaired drivers from the roads, but recognizes, in some cases, the need for those whose driving privileges have been revoked to drive. The legislature balanced the compelling public need to remove dangerous drivers with the individual's need to drive his car for specific purposes, such as going to and from work or performing his work (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(a)(1)), or for seeking alcohol or drug treatment, or other medical care (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(a)(2)). But the legislature struck that balance by limiting JDPs to "first offenders," defined in section 11—500 of the Code, which provides:

> "For the purposes of interpreting Sections 6—206.1 and 6—208.1 of this Code, 'first offender' shall mean any person who has not had a previous conviction or court assigned supervision for violating Section 11—501, or a similar provision of a local ordinance, or a conviction in any other state for a violation of driving while under the influence or a similar offense where the cause of action is the same or substantially similar to this Code, within the last 5 years; or any person who has not had a driver's license suspension for Section 11—501.1 after January 1, 1982, or a previous statutory summary suspension as provided in this Code, except in cases where the driver submitted to chemical testing resulting in an alcohol concentration of 0.10 or

more and was subsequently found not guilty of violating Section 11—501, or a similar provision of a local ordinance." (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500.)

Under section 11—500, "first offenders" are persons who have had neither a previous conviction, court supervision, nor driver's license suspension for DUI. (See also *People v. Doyle* (1987), 159 Ill. App. 3d 689, 693, 512 N.E.2d 798.) The legislature expressly stated limits on who may receive a JDP and the purposes for which it could be used, and gave the courts no discretion to exceed the statutory limitations.

■ Here, Moffat's second conviction for DUI occurred more than five years after the first, but her first arrest resulted in a statutory suspension under section 11—501.1. Thus, Moffat was a second offender, not eligible to receive a JDP. By directing the Secretary to issue a JDP to Moffat, a multiple offender, the circuit court clearly exceeded the limitations imposed by section 6—206.1.

No doubt the circuit court recognized that Ms. Moffat's livelihood would have been jeopardized had she been unable to drive to and from work, and sought to avoid that harsh result. But if limiting JDPs to first offenders yields harsh results, the solution is not for the circuit court to ignore the express intent of the legislature, but for the individual to not drive while under the influence of alcohol in the first place.

We hold that the circuit court erred in directing the Secretary to issue a judicial driving permit to a person who was not a first offender as defined by section 11—500 of the Code. Accordingly, we reverse.

Reversed.

CAMPBELL and BUCKLEY, JJ., concur.