THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. ALBERT M. KERR, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

Fourth District No. 4—88—0858

Opinion filed April 5, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Eve Moran, Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

The Secretary of State (Secretary) appeals a circuit court order directing the Secretary to issue a judicial driving permit (JDP) to defendant, Albert M. Kerr. Specifically, the Secretary claims that the circuit court exceeded statutory limitations when it directed issuance of a JDP to the defendant because he was not a first offender as defined by the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 1—100 *et seq.*).

We agree and reverse.

Defendant was arrested and charged with driving under the influence of alcohol (DUI) on April 20, 1983. (Ill. Rev. Stat. 1983, ch. 95½,

par. 11—501(a)(2).) On June 8, 1983, defendant was placed on court supervision.

On May 20, 1988, defendant was again arrested and charged with DUI. On testing, he had a blood-alcohol level of 0.19, whereupon the officer gave defendant immediate notice of a summary three-month suspension and, therefore, his license was confiscated. (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501.1(f), (f—1), (g).) On June 3, 1988, the circuit clerk filed a confirmation of statutory suspension letter from the Secretary, notifying defendant he was not a first offender and imposing a 12-month suspension effective July 5, 1988, with a provisional reinstatement date of July 5, 1989.

On October 24, 1988, defendant pleaded guilty to the DUI charge and the circuit court placed him on one year's court supervision. The court further directed the Secretary to issue a JDP to defendant, although the record on appeal does not contain a petition therefor. Subsequently, the Secretary returned the order, requesting that the circuit court reassess the issuance of the JDP. The Secretary had determined defendant was ineligible because his record indicated he was not a first offender as defined in section 11—500 of the Code. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500.) The court considered the Secretary's request, but concluded defendant was a first offender under section 11—500 and, on November 2, 1988, issued its final order directing the Secretary to issue a JDP to defendant effective that date through July 5, 1989, coinciding with the provisional reinstatement date for defendant's driver's license stated in the Secretary's confirmation letter. The Secretary issued the JDP to defendant on the following day, and this appeal followed.

At the outset, we note that defendant, as appellee, has not filed a brief in this court. However, pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, we will address the merits of the appeal because the record is simple and the issues are clear. *People v. Meece* (1987), 162 Ill. App. 3d 658, 660, 515 N.E.2d 1321, 1322.

■■ We are aware that this case may appear moot, given the expiration date for the JDP has passed. We conclude, however, that this case falls within the public-interest exception to the mootness doctrine because the issue is likely to recur. Also, due to the short duration of the action involved, this issue would ordinarily become moot before it could be resolved by an appellate court. *Meece*, 162 Ill. App. 3d at 660, 515 N.E.2d at 1322 (and cases cited therein); *People v. Anderson* (1988), 167 Ill. App. 3d 308, 310, 521 N.E.2d 148, 149; *People v. Moffat* (1989), 192 Ill. App. 3d 326, 328, 548 N.E.2d 757, 758-59.

## I. THE STATUTORY SCHEME, RESTRICTING JDP ISSUANCE TO "FIRST OFFENDERS"

The issuance of a JDP is governed by section 6—206.1 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1), as amended effective September 21, 1989, by Public Act 86—929 (1989 Ill. Legis. Serv. 4854, 4860-64, 4868 (West)). That section declares the policy of this State of removing impaired drivers from the roads, but recognizes certain *limited* circumstances in which the granting of a JDP may be appropriate "to relieve undue hardship." (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(B)(a).) The legislature balanced these concerns by strictly limiting the issuance of JDPs to "first offenders" (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(B)(a)), as that term is defined under section 11—500 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500).

As noted by our supreme court in *People v. Pine* (1989), 129 Ill. 2d 88, 97, 542 N.E.2d 711, 713, the legislative scheme for issuance of JDPs vested the circuit court with authority to grant relief to first offenders from a statutory summary suspension (see Ill. Rev. Stat. 1985, ch. 95½, par. 6—206.1). However, with regard to nonfirst-time DUI offenders, the Secretary of State retained the authority to hold hearings and grant hardship relief or reinstatement, when appropriate, after a suspension or a revocation has been imposed. (Ill. Rev. Stat. 1985, ch. 95½, pars. 6—205, 6—208; *Pine*, 129 Ill. 2d at 97, 542 N.E.2d at 713.) At issue in this case is whether the defendant is a "first offender" as so defined.

### A. STATUTORY "FIRST OFFENDER" PROVISION AS ORIGINALLY ENACTED

Upon review of section 11—500 and the appeals it has generated, we conclude that the legislature intended to delineate several categories of persons *disqualified* from first-offender status. To assist our analysis, we have inserted brackets in the following quote from section 11—500 of the Code, as originally enacted:

"For the purposes of interpreting Sections 6—206.1 and 6—208.1 of this Code, 'first offender' shall mean any person who [*1*] has not had a previous conviction *or* [*2*] court assigned supervision for violating Section 11—501, or a similar provision of a local ordinance, *or* [*3*] a conviction in any other state for a violation of driving while under the influence or a similar offense where the cause of action is the same or substantially similar to this Code *within the last 5 years*; *or* any person who [*4*] has not had a driver's license suspension for Section 11—501.1 after January 1, 1982, *or* [*5*] a previous statutory

summary suspension as provided in this Code, except in cases where [a] the driver submitted to chemical testing resulting in an alcohol concentration of 0.10 or more *and* [b] was subsequently found not guilty of violating Section 11—501, or a similar provision of a local ordinance." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500.) Under this version of section 11—500, the "within the last five years" clause applies to each of the first three categories.

We note in passing that in Public Act 86—929 the legislature amended provisions regarding the issuance of JDPs, including section 11—500, effective September 21, 1989. (1989 Ill. Legis. Serv. 4854, 4865 (West).) As the amended section is inapplicable to this case, we make no comment upon it.

### B. LITIGATION OVER "FIRST OFFENDER" STATUS UNDER SECTION 11—500, AS ORIGINALLY ENACTED

In *People v. Meyer* (1988), 166 Ill. App. 3d 1030, 520 N.E.2d 1244, this court affirmed the denial of a defendant's petition for a JDP, finding the defendant was not a first offender within the meaning of section 11—500 of the Code. There, the defendant stipulated that on December 13, 1982, he was placed on court supervision for a DUI offense. On January 26, 1987—within five years of being placed on court-assigned supervision—he was again arrested for DUI.

Two of the other appellate districts have had occasion to consider the issuance of JDPs to persons who had been placed on court-assigned supervision for DUI within the previous five years. The Second District Appellate Court did so in *People v. Duff* (1989), 181 Ill. App. 3d 324, 537 N.E.2d 8 (defendant, arrested for DUI on December 12, 1983, was placed on court-assigned supervision for DUI on January 11, 1984, and again arrested for DUI on April 17, 1988) and, although in *dictum,* did so again in *People v. Brom* (1989), 189 Ill. App. 3d 910, 912, 545 N.E.2d 1061, 1062 (defendant, arrested for DUI on May 8, 1983, was placed on court-assigned supervision on August 30, 1984, and was again arrested for DUI on August 20, 1988). The Third District Appellate Court did so in *People v. Pence* (1989), 191 Ill. App. 3d 96, 546 N.E.2d 1182 (defendant, arrested for DUI on October 11, 1982, was placed on court-assigned supervision on December 21, 1982, and again arrested for DUI on December 12, 1987), *People ex rel. Edgar v. Curley* (1989), 188 Ill. App. 3d 37, 543 N.E.2d 1088 (defendant, arrested for DUI on December 23, 1982, was placed on court-assigned supervision on April 28, 1983, and again arrested for DUI on January 3, 1988), and *People v. Thompson*

(1988), 172 Ill. App. 3d 894, 526 N.E.2d 1389 (defendant was placed on court-assigned supervision for DUI on April 18, 1984, and again arrested for DUI on January 15, 1987).

## C. JDP ISSUANCE TO DEFENDANT KERR

■ In the present case, defendant was arrested for DUI on April 20, 1983, and was placed on court supervision on June 8, 1983. He was arrested again for DUI on May 20, 1988—clearly within five years of being placed on court-assigned supervision, though more than five years from the date of the prior DUI arrest. Thus, consistent with the decision of this court in *Meyer*—and with those of the second district in *Duff* and *dictum* in *Brom*, and with those of the third district in *Pence, Curley,* and *Thompson*—defendant was not a "first offender" under section 11—500 as originally enacted. In particular, the majority opinion in *Pence* held that the dispositive question in cases such as this is whether the second DUI arrest occurred within five years of the *disposition* of the offender's previous arrest, *e.g.*, there the date defendant was placed on court-assigned supervision. Comparison of the dates of arrest and disposition shows that the courts in *Brom* and *Curley* were in accord with this view. We agree that it is the date of disposition as to the offender's previous DUI arrest which is the beginning date for calculating the five-year period. The closing date for this calculation is the date of the underlying DUI arrest, that on which the statutory summary suspension was based.

## II. STATUTORY PROCEDURES AND FORM ORDERS FOR ISSUING JDPS

The number of appeals challenging the issuance of JDPs on the basis that the recipient was not a first offender within the meaning of section 11—500 suggests one or more problems with the procedures for making this determination.

## A. EXISTING STATUTORY FRAMEWORK FOR JDP ISSUANCE

As the supreme court majority in *Pine* recognized, section 6—206.1 of the Code seems to allow JDP proceedings to proceed *ex parte.* The *Pine* majority commented that the record was unclear "whether the State's Attorney appeared at the JDP hearings, or that a procedure has been developed with the Secretary of State to provide information regarding the petition." (*Pine,* 129 Ill. 2d at 100, 542 N.E.2d at 715.) The *Pine* majority concluded that JDP proceedings require the Secretary to be more actively involved after the order to issue a JDP has been entered, and noted that the interests of

the State's Attorney and the Secretary are not always the same in regard to the issuance of JDPs. (*Pine*, 129 Ill. 2d at 100, 542 N.E.2d at 715.) Justice Clark's dissent, joined by Justice Stamos and Justice Calvo, disagreed with the majority's reading of the statute, under which a two-tier procedure was recognized, as essentially requiring the trial court to make two separate determinations on the issue. (*Pine*, 129 Ill. 2d at 105, 107, 542 N.E.2d at 717, 718 (Clark, J., dissenting).) Justice Calvo's dissent, joined by Justice Clark and Justice Stamos, suggested the Secretary might petition the circuit court for leave to intervene after receiving an order directing the issuance of a JDP, then move the circuit court to vacate the order on the ground that the circuit court was without jurisdiction to enter it. *Pine*, 129 Ill. 2d at 111, 120, 542 N.E.2d at 720, 725 (Calvo, J., dissenting).

Section 6—206.1 does not require notice of the petition for a JDP be sent either to the State's Attorney or to the Secretary. Although that section restricts issuance of JDPs to first offenders, there is no provision by which the circuit court is required to be furnished with official information from the Secretary regarding the petitioner's driving record so that the circuit court can determine that petitioner is, in fact, a first offender.

### B. SECRETARY'S DOCUMENTATION OF JDP APPLICANT'S DRIVING RECORD

Section 6—206.1(B)(d) of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(B)(d)), as amended by Public Act 86—929, section 6—206.1(d) (1989 Ill. Legis. Serv. 4864 (West)), provides that the Secretary shall, upon receiving an order directing the issuance of a JDP, return the order to the issuing court if (1) it contains insufficient data, or (2) it fails to comply with the Code. The letter returning the court's order in this case stated, in pertinent part, the following:

"We believe the statutory authority granted to this office disallows our issuing the Judicial Driving Permit indicated in the recent order. It appears that Albert M. Kerr, Jr. is ineligible for the Judicial Driving Permit because his record indicates that he is a second offender as defined in Section 11—500 of the Illinois Vehicle Code. Mr. Kerr may contact the hearing officer at a drivers license facility for information to apply for a Restricted Driving Permit.

We request the Judge reassess the issuance of the JDP considering the above information. If the Judge wishes to again officially order the issuance of the JDP, we will issue the permit and make the appropriate entries to our official records. If

the original court order is resubmitted, please include on the court order the date the Judge reassessed the issuance of the permit."

This letter lacks any explanation of the defendant's driving record to support the Secretary's conclusion that defendant is not a "first offender." Specificity in this regard would materially assist the circuit courts in evaluating a petitioner's eligibility for a JDP.

Prior to the final order directing issuance of the JDP, the circuit court here was supplied with an abstract of defendant's driving record. As discussed by the second district in *Duff* and in *People v. Kazik* (1989), 189 Ill. App. 3d 930, 545 N.E.2d 1040, the abstract itself is a virtual maze of codes and abbreviations in a series of columns. (*Duff*, 181 Ill. App. 3d 324, 537 N.E.2d 8; *Kazik*, 189 Ill. App. 3d at 933, 545 N.E.2d at 1042.) The Secretary now has a booklet, entitled "Driving Abstract Guide for Illinois Courts," which may assist the circuit courts in understanding the abstracts of driving records received from the Secretary. Nonetheless, if the Secretary wishes to call to the court's attention that it may have awarded a JDP to a driver who is not a first offender, the better practice is for the Secretary to provide an explanation of the driving record *of that specific driver*. Otherwise, the Secretary risks having the court misinterpret the abstract of the driving record and disregard the conclusory statements contained in the Secretary's correspondence.

### C. FORM ORDERS DIRECTING JDP ISSUANCE

As originally enacted, section 6—206.1 of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 6—206.1) specified the issuance of a JDP was a matter for the circuit judge and the circuit clerk (see *People v. Inghram* (1987), 118 Ill. 2d 140, 149-50, 514 N.E.2d 977, 981-82; *People v. Minor* (1987), 162 Ill. App. 3d 140, 147, 514 N.E.2d 1042, 1046), but specified the Secretary "shall design and furnish the courts with an official JDP form to be issued by the clerk of the court, upon direction from the court, to a successful Petitioner under this Section." (Ill. Rev. Stat. 1985, ch. 95½, par. 6—206.1(d).) In subsequent amendments, the issuance of the JDP was vested with the Secretary; the duty to design and furnish the courts with an official JDP form was eliminated. Given that only first offenders are eligible for consideration for a JDP, the determination of whether a particular petitioner is, in fact, a first offender is the threshold issue before the circuit court in such a proceeding.

At present, however, the form orders for issuance of JDPs require no findings material to the first-offender determination. (See

Ahern, *Summary Suspension Law*, in Defending DUI and Traffic Cases ch. 2, §2.138, at 2—128 (Ill. Inst. for Cont. Legal Educ. 1989) (form 15, denominated "Clerk's Order for JDP").) The form order, appended to this opinion, requires, first, findings aimed at the requirements of section 6—206.1(B)(a)(3) of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(B)(a)(3)), as amended by Public Act 86—929, section 6—206.1(a)(4) (1989 Ill. Legis. Serv. 4863 (West)); and further findings aimed at the requirements of section 6—206.1(B)(b) of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(B)(b)), as amended by Public Act 86—929, section 6—206.1(b) (1989 Ill. Legis. Serv. 4863-64 (West)). Clearly, judicial resources ought not be expended making findings pursuant to amended sections 6—206.1(a)(4), and (b) if the petitioner is not a first offender.

We agree with the view expressed in *Moffat* (192 Ill. App. 3d at 329, 548 N.E.2d at 759), that the legislature expressly stated limits on who may receive a JDP and the "purposes for which it could be used, and gave the courts no discretion to exceed the statutory limitations."

We respectfully suggest that the Secretary consider involving the Attorney General's office earlier in JDP proceedings, for example, to seek leave to intervene and present evidence or explanation or both as to the driving abstract so the circuit court's determination on these issues may be fully informed. First-time DUI offenders have an interest in speedy resolution of a JDP petition, but this interest is no greater than the interests of the Secretary and the public in screening out those who are not first-time DUI offenders from the issuance of JDPs.

Reversed.

GREEN and McCULLOUGH, JJ., concur.

# APPENDIX

IN THE _____ JUDICIAL DISTRICT CIRCUIT COURT IN_____ COUNTY

## COURT ORDER DIRECTING THE SECRETARY OF STATE TO ISSUE A JUDICIAL DRIVING PERMIT

☐ ORIGINAL JDP    CASE NO. _____    ISSUED TO. _____
                                                                  LAST          FIRST      MI

☐ DUPLICATE JDP    JDP EFFECTIVE DATE
                                           STREET

☐ CORRECTED JDP    JDP EXPIRATION DATE
                                      CITY         STATE      ZIP

| DRIVER'S LICENSE NUMBER | STATE | SEX | HT | WT | DATE OF BIRTH | HAIR | EYES | CLASS | RESTR |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

EMPLOYER (If Applicable)                       MEDICAL OR TREATMENT FACILITY (If Applicable)

_____      _____
COMPANY NAME                                          FACILITY NAME

_____      _____
ADDRESS                                             ADDRESS

| CITY | STATE | ZIP | CITY | STATE | ZIP |
|---|---|---|---|---|---|

COURT FINDS THAT THE PETITIONER

1. Received a professional alcohol or other drug use evaluation on_____, conducted by _____ whose summation is ☐ acceptable ☐ unacceptable for the issuance of a JDP
2. ☐ Has not ☐ Has been convicted of reckless homicide within the past 5 years
3. Except for the Statutory Summary Suspension, has ☐ valid ☐ invalid driving privileges
4. ☐ Has ☐ Has not submitted a certified employment letter

COURT FURTHER FINDS THAT THE PETITIONER

1. ☐ Does not ☐ Does have alternative means of transportation reasonably available for employment purposes
2. Must secure drug treatment or medical care and ☐ does not ☐ does have alternative means of transportation reasonably available.
3. ☐ Has not ☐ Has been convicted of a traffic violation in connection with a traffic accident resulting in the death of any person within the last 5 years
4. Pursuant to available information, ☐ does not ☐ does have traffic violations pending
5. Pursuant to available information, ☐ is ☐ is not likely to obey the limits of the JDP

PERMIT CONDITIONS

Therefore, pursuant to the criteria in Section 6-206.1 of The Illinois Vehicle Code, I order that a JDP be issued for
   ☐ EMPLOYMENT ☐ To and From Work ☐ Within the Scope of Work
   ☐ DRUG TREATMENT / MEDICAL CARE
The petitioner is permitted to operate a motor vehicle ONLY on the specific days and hours listed below

| DAY(S) | HOUR(S) | | HOUR(S) | ROUTE(S) |
|---|---|---|---|---|
| _____ | from ____ am/pm | to | ____ am/pm | _____ |
| _____ | from ____ am/pm | to | ____ am/pm | _____ |
| _____ | from ____ am/pm | to | ____ am/pm | _____ |
| _____ | from ____ am/pm | to | ____ am/pm | _____ |
| _____ | from ____ am/pm | to | ____ am/pm | _____ |
| _____ | from ____ am/pm | to | ____ am/pm | _____ |

NOTE: For ease in processing, please attach the Alcohol and Drug Evaluation Report Summary to this Court Order

_____    _____    _____   COURT SEAL
DATE ISSUED              ISSUING JUDGE           COUNTY — DIST #

THIS COURT ORDER IS NOT AN AUTHORIZATION TO OPERATE A MOTOR VEHICLE

DSD DC 143
SI 0501 719
Sept 88                Circuit Clerk-Retain          155000