THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. JOSEPH G. KRZYSTOFCZYK, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

Fourth District   No. 4—89—0646

Opinion filed April 24, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Daniel N. Malato, Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

The Secretary of State (Secretary) appeals a circuit court order directing the Secretary to issue a judicial driving permit (JDP) to defendant, Joseph G. Krzystofczyk. Specifically, the Secretary claims that the circuit court exceeded statutory limitations when it directed the Secretary to issue a JDP to the defendant because he was not a first offender as defined by the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 1—100 *et seq.*), *i.e.*, he had an implied-consent suspension after January 1, 1982.

We agree and reverse.

On April 1, 1989, defendant was arrested for driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)). On testing, he had a blood-alcohol level of 0.19.

On April 25, 1989, defendant pleaded guilty and was placed on supervision for one year. Further, the trial court determined that defendant was a "first offender" and ordered the Secretary to issue a JDP effective from May 17, 1989, *to May 17, 1990*. According to the State's brief on appeal, the Secretary returned the circuit court's order on May 5, 1989, requesting the court to reassess the issuance of the JDP in light of defendant's driving record. Defendant's driving abstract shows he had an implied-consent suspension from July 23, 1983, to January 23, 1984. The court considered the Secretary's request but, on July 13, 1989, directed the Secretary to issue the JDP as previously ordered.

■ At the outset, we note that defendant, as appellee, has not filed a brief in this court. However, pursuant to *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, we will address the merits of the appeal because the record is simple and the issues are clear. *People v. Meece* (1987), 162 Ill. App. 3d 658, 660, 515 N.E.2d 1321, 1322.

■ As this court stated in *People v. Kerr* (1990), 196 Ill. App. 3d 207, 209, the issuance of a JDP is governed by section 6—206.1 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1), as amended effective September 21, 1989, by Public Act 86—929 (1989 Ill. Legis. Serv. 4854, 4860-64, 4868 (West)). That section declares the policy of this State of removing impaired drivers from the roads, but recognizes certain *limited* circumstances in which the granting of a JDP may be appropriate "to relieve undue hardship." (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(B)(a).) The legislature balanced these concerns by strictly limiting the issuance of JDPs to "first offenders" (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1(B)(a)), as defined in section 11—500 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500).

■ The legislative scheme for issuance of JDPs vests the circuit courts with authority to grant relief to first offenders from a statutory summary suspension. (See Ill. Rev. Stat. 1985, ch. 95½, par. 6—206.1.) However, with regard to non-first-time DUI offenders, the Secretary of State retains the authority to hold hearings and grant hardship relief or reinstatement, when appropriate, after a suspension or a revocation has been imposed. (Ill. Rev. Stat. 1985, ch. 95½, pars. 6—205, 6—208; see *People v. Pine* (1989), 129 Ill. 2d 88, 97, 542 N.E.2d 711, 713.) At issue in this case is whether the defendant

is a "first offender" given his prior implied-consent suspension.

■ In considering section 11—500 in *Kerr*, this court stated:

"Upon review of section 11—500 and the appeals it has generated, we conclude that the legislature intended to delineate several categories of persons *disqualified* from first-offender status. To assist our analysis, we have inserted brackets in the following quote from section 11—500 of the Code, as originally enacted:

'For the purposes of interpreting Sections 6—206.1 and 6—208.1 of this Code, "first offender" shall mean any person who [*1*] has not had a previous conviction *or* [*2*] court assigned supervision for violating Section 11—501, or a similar provision of a local ordinance, *or* [*3*] a conviction in any other state for a violation of driving while under the influence or a similar offense where the cause of action is the same or substantially similar to this Code *within the last 5 years; or* any person who [*4*] has not had a driver's license suspension for Section 11—501.1 after January 1, 1982, *or* [*5*] a previous statutory summary suspension as provided in this Code, except in cases where [*a*] the driver submitted to chemical testing resulting in an alcohol concentration of 0.10 or more *and* [*b*] was subsequently found not guilty of violating Section 11—501, or a similar provision of a local ordinance. (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500.)'

Under this version of section 11—500, the 'within the last five years' clause applies to each of the first three categories." (*Kerr* (1990), 196 Ill. App. 3d at 210.)

Here, the defendant, with an implied-consent suspension from July 1983 through January 1984, falls within the fourth category of persons—as to which the "within the last five years" clause does not apply. This was clearly a suspension "after January 1, 1982," and the defendant is statutorily disqualified from "first offender" status.

Two of the other appellate districts have had occasion to consider the issuance of JDPs to persons who had a driver's license suspension after January 1, 1982, pursuant to section 11—501.1 of the Code, or a previous statutory summary suspension under the Code. The First District Appellate Court considered this issue in *People v. Moffat* (1989), 192 Ill. App. 3d 326, 548 N.E.2d 757. There, the defendant was arrested for DUI on December 20, 1982, and refused to take a breathalyzer test, thereby resulting in a six-month statutory suspension under section 11—501.1 of the Code. On April 20,

1988, Moffat was again arrested for DUI, a breathalyzer test showed a blood-alcohol level of 0.19, and she was served with notice of summary suspension of driving privileges. However, she was thereafter the recipient of a JDP under section 6—206.1 of the Code, which the first district reversed.

To the same effect is the decision of the Second District Appellate Court in *People v. Kazik* (1989), 189 Ill. App. 3d 930, 545 N.E.2d 1040, wherein the defendant was arrested for DUI on March 27, 1983, and refused to submit to a chemical test as required by section 11—501.1 of the Code, the implied-consent provision. As a result, her driving privileges were suspended from August 17, 1983, through February 17, 1984. Kazik was again arrested for DUI on October 29, 1988, and was thereafter notified of a 12-month statutory summary suspension of driving privileges. She then received a JDP, but the second district reversed.

■ We conclude that the circuit court was without authority to order issuance of a JDP to defendant. In thus holding, we recognize that the legislature amended section 11—500 in Public Act 86—929, effective September 21, 1989. (1989 Ill. Legis. Serv. 4854, 4865 (West).) As amended, section 11—500 states:

"For the purposes of interpreting Sections 6—206.1 and 6—208.1 of this Code, 'first offender' shall mean any person who has not had a previous conviction or court assigned supervision for violating Section 11—501, or a similar provision of a local ordinance, or a conviction in any other state for a violation of driving while under the influence or a similar offense where the cause of action is the same or substantially similar to this Code, within the last 5 years, or any person who has not had a driver's license suspension for Section 11—501.1 within 5 years prior to the date of the current offense, after January 1, 1982, or a previous statutory summary suspension as provided in this Code, except in cases where the driver submitted to chemical testing resulting in an alcohol concentration of 0.10 or more and was subsequently found not guilty of violating Section 11—501, or a similar provision of a local ordinance." (Additions in text are indicated by underline; deletions by strikeouts.) (Pub. Act 86—929, eff. Sept. 21, 1989 (1989 Ill. Legis. Serv. 4865 (West)).)

We make no comment upon this provision except to state that since it was not yet effective on the dates of the orders appealed, it cannot be considered as affording the circuit court authority to order issuance of a JDP to defendant.

We incorporate by reference this court's discussion in *Kerr* of the problems with procedures for determining first-offender status on petitions for issuance of JDPs. *Kerr* (1990), 196 Ill. App. 3d at 211-14.

Reversed.

KNECHT, P.J., and LUND, J., concur.