THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. KENNETH R. HELTON, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

Second District   No. 2—89—1307

Opinion filed September 12, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Jerald S. Post, Assistant Attorney General, of Chicago, of counsel), for appellant Jim Edgar.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, the Secretary of State (Secretary), appeals an order of the circuit court of Winnebago County granting a judicial driving permit (JDP) to defendant, Kenneth R. Helton. The Secretary raises one issue on appeal: whether the trial court erred by ordering the Secretary to issue a JDP to defendant, who was not a statutory first offender within the meaning of section 11—500 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—500).

Defendant has not filed an appellee's brief in response. We will, however, consider the appeal under the standard set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

On July 20, 1989, defendant was arrested for driving under the influence of alcohol (DUI) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501). Defendant was served the same day with a notice of statutory summary suspension of his driving privileges. The notice did not state whether defendant was a first offender.

On August 4, 1989, defendant filed a petition for a JDP to relieve hardship. He declared that he was a first offender as defined in section 11—500 of the Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—500). A copy of the abstract of defendant's driving record is contained in the record. The Secretary has failed to provide an explanation of the abstract. We would like to note our agreement with the suggestion made by the court in *People v. Kerr* (1990), 196 Ill.

App. 3d 207, 212-13, that it would be much better practice for the Secretary to provide, in each case, an explanation of the driving record of that specific driver. However, as well as can be determined by this court (see *People v. Duff* (1989), 181 Ill. App. 3d 324, 326), the abstract reveals that defendant was previously arrested for DUI on March 6, 1984. Based on that offense, he was given court supervision on October 5, 1984.

The trial court found that defendant was a first offender as defined by the statute and granted defendant's petition. On October 10, 1989, the court entered an order directing that the Secretary issue a JDP to defendant for the purpose of driving to and from his place of employment. The Secretary, in a letter dated October 23, 1989, requested that the court reassess its decision to order the issuance of the JDP because defendant's record indicated that he was a second offender. Defendant then filed a motion asking that the court reassess the matter so that the JDP could be issued. On November 20, 1989, the court entered an order again finding that defendant was a first offender, stating, in pertinent part:

> "That the one constant and fair date in determining the five (5) year requirement under section 11—501 [*sic*], Chapter 95½, ILLINOIS REVISED STATUTES, is the date of arrest and/or offense, which in the instant case is in excess of five (5) years."

The court then ordered that the original order for the JDP be resubmitted to the Secretary for issuance.

On appeal, the Secretary contends that the trial court should not have granted a JDP to defendant because he is not a statutory first offender. Section 6—206.1(a) authorizes the trial court to grant a first offender's petition for a JDP to relieve undue hardship. (Ill. Rev. Stat. 1989, ch. 95½, par. 6—206.1(a).) At the time of the trial court's ruling, a first offender was defined as:

> "[A]ny person who has not had a previous conviction or court assigned supervision for violating Section 11—501 *** within 5 years prior to the date of the current offense ***."
> (Ill. Rev. Stat. 1989, ch. 95½, par. 11—500 (amended by Pub. Act 86—929, eff. Sept. 21, 1989).)

Prior to the amendment, the statute similarly defined a first offender as "any person who has not had a previous conviction or court assigned supervision for violating Section 11—501 *** within the last 5 years." Ill. Rev. Stat. 1987, ch. 95½, par. 11—500.

The Secretary argues that it was error for the trial court to order the issuance of a JDP because the defendant was arrested for

DUI on July 20, 1989, and this occurred less than five years from defendant's assignment to court supervision on October 5, 1984. The Secretary cites *People ex rel. Edgar v. Pence* (1989), 191 Ill. App. 3d 96, 99, and *People ex rel. Edgar v. Curley* (1989), 188 Ill. App. 3d 37, 39, two third district cases which have held that the relevant date is the date the defendant received court-assigned supervision, not the date of the defendant's prior arrest.

The second district has, in fact, also concluded that, based on the language of the statute, the five-year period commences with the date of the defendant's assignment to supervision and not from the date of his prior arrest. (*People v. Reymar* (1990), 197 Ill. App. 3d 224, 225; *People v. Brom* (1989), 189 Ill. App. 3d 910, 912 (*dictum*); *People v. Duff* (1989), 181 Ill. App. 3d 324, 326.) The same conclusion has been reached by the fourth district. (See *People v. Sandness* (1990), 197 Ill. App. 3d 486; *People v. Kerr* (1990), 196 Ill. App. 3d 207.) This court has recently found, in upholding the constitutionality of the statute, that the date of conviction (or assignment to supervision) is the most practical commencement point for the five-year period. *People v. Tritthardt* (1990), 195 Ill. App. 3d 167, 170.

Since defendant was arrested for DUI within five years of his prior assignment of supervision for DUI, he does not fall within the first-offender category and was ineligible to receive a JDP. The trial court therefore abused its discretion in granting defendant's petition for a JDP.

The order of the circuit court of Winnebago County is reversed.

Reversed.

REINHARD and WOODWARD, JJ., concur.