THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DONALD S. SALB, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

First District (5th Division)   No. 1—90—3677

Opinion filed December 13, 1991.—Modified on denial of
rehearing February 7, 1992.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and John A. Morrissey, Assistant Attorney General, of Chicago, of counsel), for appellant Jim Edgar.

No brief filed for appellee.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal by Jim Edgar, the former Secretary of State. He appeals from an order of the circuit court entered on November 20, 1990, which directed the office of the Secretary of State to issue Salb a judicial driving permit (JDP) and denied a stay order pending appeal.

The case began as *People v. Salb* (Docket No. X7—472—946). Salb was arrested on December 7, 1989, for driving while under the influence (DUI), and he received a statutory 12-month suspension of his driving privileges effective January 22, 1990, for that reason. On April 27, 1990, Salb pled guilty to DUI and was ordered to serve 24 months' supervision.

In addition to pleading guilty, Salb petitioned the court on April 27, 1990, for a judicial driving permit, and on October 26, 1990, the trial court issued its order granting the request and directing the Secretary of State to issue Salb a JDP. No party appealed that order.

On November 7, 1990, a supervisor in what is labeled the DUI Review Unit of the Secretary of State's office sent a letter addressed to a supervisor in the circuit court clerk's office of the fifth municipal district returning the order to issue the JDP to the clerk and suggesting that Salb was a second offender and not entitled to a judicial driving permit because his December 7, 1989, arrest was within five years of a previous implied consent supervision. The letter further indicated that the trial judge should "reassess the issuance of the JDP" and that the Secretary of State's office should be notified if the court wished "to again officially order the issuance of the JDP" so that a stay order pending an appeal could be sought.

The circuit court clerk took no action, never notifying the court of the letter from the Secretary of State. It wasn't until Salb petitioned the court for relief that the situation was made known to the court.

On November 20, 1990, the trial court held a hearing upon Salb's petition to reassess the issuance of the JDP. At this hearing the assistant State's Attorney agreed with Salb's counsel that the JDP had been properly granted in accordance with the law. Nonetheless, the State requested a stay order since the Secretary of State had requested that this action be taken. The trial judge again ordered that the Secretary of State issue Salb a JDP and denied the stay since it appeared that the suspension would terminate on January 22, 1991, in any event.

An appeal was then taken by the Secretary of State through the present Attorney General. Notice of appeal was served on the defendant, through his trial lawyer, but not the State's Attorney of Cook County, who represented the People in the trial court during the proceedings that resulted in the October 26, 1990, order granting the JDP, and the only briefs filed were by the Secretary of State through the present Attorney General. Further, the record reveals that the notice of appeal was not filed-stamped until December 21, 1990, and no motion for a stay was ever filed in this court.

Based upon the facts of this case, we must dismiss the appeal. It appears from the record, and the Attorney General agrees, that Salb's 12-month suspension became effective on January 22, 1990, and thus the suspension would have expired on January 22, 1991. In light of this fact, we believe that any issue tendered by the Secretary of State's appeal became moot on January 22, 1991, a month before the record was filed in this court.

Although this court could have chosen to consider this case under the public interest exception to the mootness doctrine (*People v. Moffat* (1989), 192 Ill. App. 3d 326, 548 N.E.2d 757), we are not required to do so. Since "first offender" status, which is at issue in this appeal, has been addressed in a number of other cases, we decline to review it here.

We have highlighted the facts of this case, however, to draw attention to what we feel are problems with the procedure set forth in section 6—206.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—206.1) as interpreted by the Illinois Supreme Court in *People v. Pine* (1989), 129 Ill. 2d 88, 542 N.E.2d 711. In *Pine* the majority held that it did not violate the separation of powers doctrine to allow the Secretary of State to appeal orders of the circuit court which direct the Secretary of State to issue a JDP pursuant to section 6—206.1. In interpreting the statute in this manner, the supreme court gave the Secretary of State the authority to review a circuit court's ruling that a JDP should issue, disregard the order to issue a

JDP and return it to the court for "reassessment," and then appeal any court "reassessment" that is adverse to its own.

Three justices dissented, believing that the legislature did not intend such a result when it amended the statute to allow for the issuance of JDPs. In his dissent, Justice Clark, joined by Justices Stamos and Calvo, opined that the majority's interpretation of the statute was "illogical since it would require that circuit courts make two separate determinations on the same issue in JDP proceedings" and would cause both judicial and executive time and resources to be wasted. *Pine*, 129 Ill. 2d at 107.

Just as the dissenting justices in *Pine* predicted, the procedure currently being followed often requires a duplication of effort and gives rise to a number of appeals. For this reason, we agree with the court's comments in *People v. Kerr* (1990), 196 Ill. App. 3d 207, 211, 552 N.E.2d 1329, that "[t]he number of appeals challenging the issuance of JDPs on the basis that the recipient was not a first offender within the meaning of section 11—500 suggests one or more problems with the procedures for making this determination."

The *Kerr* court delineated certain pitfalls with the current procedure and changes that could be made that would "materially assist the circuit court in evaluating a petitioner's eligibility for a JDP." (196 Ill. App. 3d at 213.) In addition to the problems set forth in *Kerr*, we have observed that, as in the present case, the Secretary's "return" of the order to the circuit court clerk can sometimes elude the notice of the circuit court. This causes unnecessary delay. Consequently, we join with the *Kerr* court in respectfully suggesting that the Secretary of State, the legislature or our supreme court take appropriate steps to insure that the matter of a citizen's entitlement to a JDP be determined more accurately and expeditiously, without the necessity of repetitious practices which tax the court's time and resources.

The appeal is dismissed for mootness.

Appeal dismissed.

McNULTY, P.J., and GORDON, J., concur.